Commonwealth of Pennsylvania ex rel. Leroy Ronald Feflie, Petitioner v. the Attorney General of Pennsylvania, the Director of the Bureau of Probation and Parole, the District Attorney of Northampton County, the Keeper of the Prison, Respondents.

Argued March 7, 1977, before Judges CRUMLISH, JR., KRAMER and ROGERS, sitting as a panel of three.

*James D. Morris,* for petitioner.

*Glenn Gilman,* Deputy Attorney General, with him *J. Andrew Smyser,* Deputy Attorney General, and *Robert P. Kane,* Attorney General, for respondent.

OPINION BY JUDGE ROGERS, March 31, 1977:

Leroy Feflie, a prisoner serving sentence at the State Correctional Institution at Camp Hill, acting for himself, filed a petition for a writ of habeas corpus ad subjiciendum in the Supreme Court of Pennsylvania. The Supreme Court remanded the matter to this Court for appointment of counsel and disposition on the merits. The action, which we treat as a complaint in mandamus directed to the Pennsylvania Board of Probation and Parole (Board), is within our original jurisdiction pursuant to Section 401(a) of the Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P.L. 673, *as amended,* 17 P.S. §211.401(a)(1).[1]

---

[1] *Moore v. Roth,* 231 Pa. Superior Ct. 464, 331 A.2d 509 (1974).

Presently before us are motions for summary judgment filed by both the petitioner Feflie and the respondent Board.

On December 9, 1973, Judge R. GRIFO of the Court of Common Pleas of Northampton County sentenced the petitioner to serve an indeterminate term, not to exceed five years, at the State Correctional Institution at Camp Hill (Camp Hill) for the offenses of burglary, larceny, receiving stolen goods and uttering a written instrument. Upon arrival at Camp Hill, the petitioner's maximum sentence was increased by one year when the Board recomputed his sentence under the terms of Sections 6 and 13 of the Act of April 28, 1887 (Youthful Offender Act), P.L. 63, *as amended*, 61 P.S. §§485, 486.

In November of 1974, after having served approximately one year of his sentence, Mr. Feflie was paroled. He remained on parole until October 15, 1975, when he was recommitted to Camp Hill upon discovery that he had violated one of the conditions of his parole by traveling outside the state without permission. The Board reinstated the petitioner's full sentence without crediting the time he had spent on parole.

Petitioner contends that the Youthful Offender Act, 61 P.S. §§481-486, as applied to him, violates his rights to the process and equal protection of the laws under the Fifth and Fourteenth Amendments to the Constitution of the United States by treating him in an impermissibly different and disadvantageous manner from others of the same class. In addition, he argues that these rights were specifically violated when the Parole Board recomputed his sentence.

Under Section 4 of the Youthful Offender Act, 61 P.S. §483, a court exercising criminal jurisdiction, in lieu of sentence provided by law, *may* sentence individuals between fifteen and twenty-one years of age

to Camp Hill. If a youth is sentenced to Camp Hill, Section 6 of the Youthful Offender Act, 61 P.S. §485, mandates that the sentencing judge:

> [S]hall not fix or limit the duration of sentence, but the time which any such person shall serve in said industrial school or on parole shall not in any case exceed six years or the maximum term provided by law for the crime for which the prisoner was convicted and sentenced if such maximum be less than six years. . . .

Section 13, 61 P.S. §486, provides that in the event a court inadvertently fixes a definite term, the sentence shall not be void but shall be modified to conform with the Act.

In *Commonwealth ex rel. Johnston v. Board of Probation and Parole,* 20 Pa. Commonwealth Ct. 69, 72-73, 339 A.2d 835, 837 (1975), the constitutionality of the Youthful Offender Act was challenged in virtually identical circumstances. President Judge Bowman there reasoned:

> Contrary to plaintiff's argument that he is being treated differently because the Board changed his maximum sentence in conformity with the provisions of the Act, it is apparent that this statutory scheme establishes uniformity as to youthful offenders sentenced to Camp Hill. The sentencing judge is given the discretion to decide whether to commit a youthful offender to Camp Hill, but once he makes the decision to do so, the maximum sentence is mandated by the Act. Consequently, all persons committed to Camp Hill are treated equally insofar as the criteria to determine their sentence is employed. This is the essence of equal protection. A want of uniformity would follow if the statutory scheme were not to be adhered to.

Plaintiff also contends that the Board 'usurped' the discretionary judicial power and in doing so violated his equal protection rights. In electing to treat plaintiff as a youthful offender to be sentenced to Camp Hill, the sentencing judge exercised the only discretion he possessed. The Legislature then mandated the maximum sentence and the Board simply complied with the legislative mandate. Plaintiff has cited no authority and we are aware of none that the judiciary has any inherent power or authority in the matter of sentencing criminal offenders, to impose sentences outside the parameters of the relevant statutory law, or that to deny such power or authority in the judiciary is violative of one's equal protection rights. Cf. Commonwealth v. Butler, 458 Pa. 289, 328 A.2d 851 (1974).

The Commonwealth's brief in this case stated that "a judge can sentence a youth under the statute to a maximum and minimum, with time to be served at Camp Hill." Petitioner, relying upon this statement, argues that the Youthful Offender Act is patently applied in an unconstitutionally discriminatory manner when some, but not all, youthful offenders can have the benefit of a sentence with definite duration whereas others, including himself, must serve indefinite terms. The statement in the Commonwealth's briefs, as the author acknowledged at oral argument, was incorrect. Section 5 of the Act, 61 P.S. §484, says that all youths sentenced to Camp Hill "shall be imprisoned according to the Act and not otherwise," and Section 6, 61 P.S. §485, provides that all offenders sentenced to Camp Hill shall not have a fixed sentence but shall serve not more than six years or the maximum terms for their offenses, if less than six years. Since all persons subject to the Act are treated reasonably alike, no constitutional infirmity exists. *Com-*

*monwealth ex rel. Clawges v. Claudy,* 173 Pa. Superior Ct. 410, 98 A.2d 225 (1953).

Accordingly, we

### ORDER

AND Now, this 31st day of March, 1977, it is Ordered that the respondents' motion for summary judgment be and it is hereby granted and the petitioner's motion for summary judgment is hereby denied. Judgment is entered for the respondents and against the petitioner.