Anthony Edward Oliver,       :
                                      :
               Petitioner    :
                                        :
            v.              : No. 491 M.D. 2019
                                      : Submitted: September 25, 2020
Pennsylvania Department of   :
Corrections, John E. Wetzel,    :
Dorina Varner, Kevin Kauffman, :
W. Scott Walters, Andrea Wakefield, :
B. Linn, Constance Green,     :
                                        :
             Respondents  :


BEFORE:   HONORABLE MICHAEL H. WOJCIK, Judge
                HONORABLE ELLEN CEISLER, Judge
                HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                             FILED: July 19, 2021


Before this Court, in our original jurisdiction, is Respondents'[1] Preliminary Objection (PO) in the nature of demurrer to the Petition for Review (Petition) filed by Anthony Edward Oliver (Oliver). We are also presented with Oliver's Motion for Discovery. For the reasons that follow, we sustain Respondents' demurrer, dismiss Oliver's Petition, and deny his Motion for Discovery as moot.

---

[1] The named Respondents are the Pennsylvania Department of Corrections (Department), John E. Wetzel, Dorina Varner, Kevin Kauffman, W. Scott Walters, Andrea Wakefield, B. Linn, and Constance Green.

## I. Facts Averred

Oliver, an inmate currently incarcerated at the State Correctional Institution (SCI) at Phoenix, initiated this action by filing a *pro se* Petition against Respondents challenging the computation of his sentences and the collection of court-ordered costs and restitution from his inmate account as violative of the sentencing court's order. According to the facts averred in the Petition and the exhibits attached thereto,[2] on June 23, 2011, Oliver was arrested and charged with several counts of conspiracy, burglary, criminal trespass, and theft. Petition, ¶¶1-5.

On August 22, 2016, Oliver entered a negotiated plea of *nolo contendere* for two counts each of conspiracy and burglary, at Philadelphia County Court of Common Pleas Criminal Docket Nos. (Docket Nos.) CP-51-CR-0011716-2011 and CP-51-CR-0011718-2011.[3, 4] The sentencing court accepted the plea and

---

[2] Oliver attached the following exhibits to his Petition: *Commonwealth v. Oliver* (Pa. Super., No. 1126 EDA 2018, filed August 14, 2019); "Sentencing Court Order," which includes: Collection of Inmate Debts Notice (9/23/16), DC-300B Court Commitment Forms, and Colloquy for Plea of Guilty/Nolo Contendere (8/22/16); Petition to Proceed In Forma Pauperis; and Motion for Appointment of Counsel. Petition, Exhibits.

Additionally, Oliver attached the following exhibits to his Brief: Exhibit A – Plea Hearing Transcript with Respect to Sentencing, 8/22/16 (excerpt); Exhibit B – Correspondence from Defense Counsel, Laurie R. Jubelirer, Esq., regarding negotiated plea sentence; Exhibit C – Department Memorandum from Kevin Kauffman to Andrea Wakefield regarding Department Sentence Change, Inmate's Request to Staff Member, and DC-16E- Sentence Status Summary; and Exhibit D – Letter to the Philadelphia Prison System regarding Computation for Time Credit. Petitioner's Brief, Exhibits.

[3] The Commonwealth *nolle prossed* the charges of trespass, theft, and receiving stolen property. Petition, Exhibit – Sentencing Court Order.

[4] This Court may take judicial notice of information contained in the publicly-available criminal dockets in these matters. *See Moss v. SCI-Mahanoy Superintendent Pennsylvania Board of Probation and Parole*, 194 A.3d 1130, 1138 n.11 (Pa. Cmwlth. 2018), *appeal denied*, 215 A.3d 562 (Pa. 2019); *see also Commonwealth v. Bond*, 532 A.2d 339, 342-43 (Pa. 1987).

sentenced Oliver to 2.5 years to 5 years on each count and ordered these new sentences to run concurrently with each other and with any other sentence Oliver was currently serving. The sentencing court also awarded credit for the time that he had already served, which Oliver maintains is between June 23, 2011, the date of his arrest, and August 22, 2016, the date of sentencing. In addition, the sentencing court ordered the deferment of the collection of costs and restitution until after Oliver's release from custody. Petition, ¶¶6-8, Exhibit – Sentencing Court Order.

By notice dated September 23, 2016, the Department immediately began making deductions from Oliver's inmate account to satisfy his financial obligations in accordance with Section 9728(b)(5) of the Sentencing Code (Act 84), 42 Pa. C.S. §9728(b)(5),[5] and Department policy DC-ADM 005, "Collection of Inmate Debts." Petition, ¶9.

By notice dated September 27, 2016, Oliver received an updated version of his Sentence Status Summary (DC-16E), which indicated that prison officials had computed his sentence to include an "under/overlapping" sentence structure. Oliver contends that this structure effectively increased his minimum sentence imposed by the sentencing court from 2.5 to 5 years to 8 to 12 years. Petition, ¶10.

On September 30, 2016, Oliver filed a grievance with the Department challenging the calculation of his sentences and the premature collection of court-ordered costs and restitution from his inmate account. On November 3, 2016, the Department issued a "Grievance Rejection," which explained that his grievance was

---

[5] "[Act 84] provides a procedure for [the Department] to collect fines and court costs for which a defendant is liable pursuant to a previous court order." *Freemore v. Pennsylvania Department of Corrections*, 231 A.3d 33, 35 n.2 (Pa. Cmwlth. 2020) (quoting *Russell v. Donnelly*, 827 A.2d 535, 537 (Pa. Cmwlth. 2003)).

rejected because "DC-ADM 804 makes no provisions for resubmitting a rejected grievance more than one time . . ." and because the "grievance was not submitted within 15 working days after the events upon which [the] claims are based." Petition, ¶¶11-13.

In response to Oliver's request to the records department, the Department advised Oliver that his new sentences at Docket Nos. "[CP-51-CR-00]11718-2011 and [CP-51-CR-00]11716-2011 are running concurrently . . . no where [sic] on the sentencing order does it say they are retroactive to the date of arrest." Petition, ¶14.

On February 2, 2017, Oliver filed another facility grievance, reasserting that the Department illegally altered the sentencing court's order. The Department again rejected the grievance as untimely. Thereafter, Oliver filed a petition for relief in the sentencing court pursuant to the Post Conviction Relief Act (PCRA), 42 Pa. C.S. §§9541-9551, which was denied. Oliver appealed that decision to the Superior Court, which, by order dated August 14, 2019, declined jurisdiction over the appeal and transferred the matter to this Court.[6] The Superior Court advised that Oliver's challenges to the computation of time should be raised in an original jurisdiction action in this Court, hence the present Petition. Petition, ¶¶16-23, Exhibit – Superior Court Order at 2.

Oliver asserts that Respondents unlawfully altered the sentencing terms and conditions of the *nolo contendere* plea entered by the sentencing court. More particularly, he claims that the Department did not calculate his sentences to run concurrently or credit time to which he was entitled. According to Oliver, the Department's calculation increased his minimum sentence by 2.5 years. Oliver

---

[6] *See Commonwealth v. Oliver* (Pa. Cmwlth., No. 1285 C.D. 2019) (pending).

maintains that, had the Department correctly calculated his sentences, he would have been eligible for release from incarceration at Docket Nos. CP-51-CR-0011716-2011 and CP-51-CR-0011718-2011 on June 22, 2016. He also claims that Respondents defied the sentencing order by immediately collecting costs and restitution from his inmate account rather than deferring collection until his release from incarceration. Oliver seeks a declaratory judgment that his sentence is illegal and his negotiated plea is void, as well as a remand to the sentencing court.

In response, Respondents demur on the ground that the Petition is legally insufficient for failure to state a claim upon which relief may be granted. First, Respondents contend that the Department correctly calculated Oliver's sentences in accordance with the sentencing order and the law. Second, Respondents assert that the Department is authorized to take monetary deductions from Oliver's inmate account to pay the court-ordered costs and restitution, where there is no indication that the sentencing court directed the payment of these financial obligations to be deferred until his release from incarceration. Respondents ask this Court to sustain their demurrer and dismiss Oliver's Petition.

Thereafter, Oliver filed a Motion for Discovery seeking documents material to the claims presented.[7] Respondents' PO and Oliver's Motion for Discovery are now before us for review.

---

[7] Specifically, Oliver seeks Department policies related to collection of inmate debts, population management, reception and classification, case summary and record office operations; his complete parole file; DC-300B notices issued to Oliver on September 23, 2016, and May 3, 2018; and any and all documents material or relevant to the claims presented. Motion for Discovery, at 3.

5

## II. Discussion
### A. Legal Standards

Pennsylvania Rule of Civil Procedure No. 1028(a)(4) provides that a PO may be filed for legal insufficiency of a pleading (demurrer). Pa. R.C.P. No. 1028(a)(4). In ruling on POs in the nature of a demurrer, the Court must accept as true all well-pleaded allegations of material fact, as well as inferences deducible therefrom. *Aviles v. Pennsylvania Department of Corrections*, 875 A.2d 1209, 1211 n.3 (Pa. Cmwlth. 2005). In addition, courts reviewing POs may also consider any documents or exhibits attached to the petition for review. *Lawrence v. Pennsylvania Department of Corrections*, 941 A.2d 70, 71 (Pa. Cmwlth. 2007). It is not necessary to accept as true any averments in the petition for review that conflict with exhibits attached to it. *Id.* Conclusions of law, unwarranted inferences from the facts, argumentative allegations, or expressions of opinion are not admitted. *Portalatin v. Pennsylvania Department of Corrections*, 979 A.2d 944, 947 (Pa. Cmwlth. 2009). A demurrer may be sustained only where it appears with certainty that the law will not permit recovery under the allegations pleaded. *County of Dauphin v. City of Harrisburg*, 24 A.3d 1083, 1089 (Pa. Cmwlth. 2011). Any doubt must be resolved in favor of overruling a demurrer. *Id.* With these standards in mind, we review the Department's demurrer.

### B. Sentence Calculation

First, Respondents demur to Oliver's Petition on the ground that the Department properly calculated his sentences. Oliver is not entitled to have his sentences calculated in the manner he seeks. Although not labeled as such, Oliver's Petition sounds in mandamus because he is seeking to have this Court compel the Department to take specific action regarding the calculation of his sentences. As

supported by Oliver's own exhibits, the Department faithfully applied the terms in the sentencing order as written.

The Department is an administrative agency charged with faithfully carrying out the sentences imposed by the courts and is without authority "to adjudicate the legality of a sentence or to add or delete sentencing conditions." *McCray v. Pennsylvania Department of Corrections*, 872 A.2d 1127, 1133 (Pa. 2005). "Because the sentence imposed by a [sentencing] court is a question of law that involves no discretion on the part of the Department, mandamus will lie to compel the Department to properly compute a prisoner's sentence." *Barndt v. Pennsylvania Department of Corrections*, 902 A.2d 589, 592 (Pa. Cmwlth. 2006). Mandamus is the appropriate remedy to correct an error "where the sentencing order clearly gives the inmate credit for the time period in question and [the] computation does not comply with that credit." *Allen v. Pennsylvania Department of Corrections*, 103 A.3d 365, 370 (Pa. Cmwlth. 2014). "However, mandamus is not available to challenge [the Department's] failure to give credit where the sentencing order is either ambiguous or does not specify the credit at issue." *Id.* "[M]andamus is not an appropriate remedy to cure an illegal sentencing order." *Id.* Finally, mandamus is not available to compel the Department to perform an illegal act. *Jackson v. Vaughn*, 777 A.2d 436, 438 (Pa. 2001); *Fajohn v. Pennsylvania Department of Corrections*, 692 A.2d 1067, 1068 (Pa. 1997); *Sturgis v. Doe*, 26 A.3d 1221, 1224 (Pa. Cmwlth. 2011).

"When a sentence is imposed on a defendant who is sentenced for another offense, the judge shall state whether the sentences shall run concurrently or consecutively. If the sentence is to run concurrently, the sentence shall commence *from the date of imposition unless otherwise ordered* by the judge." Section 705(B)

7

of the Pennsylvania Rules of Criminal Procedure, Pa. R. Crim. P. 705(B) (emphasis added); *see Bernardini v. Pennsylvania Department of Corrections* (Pa. Cmwlth., No. 650 M.D. 2016, filed September 1, 2017), slip op. at 1.[8]

Here, the sentencing court ordered that the new sentences imposed at Docket Nos. CP-51-CR-0011716-2011 and CP-51-CR-0011718-2011 were to run concurrently to each other as well as any other sentences that Oliver was serving at that time. Petition, Exhibit – Sentencing Court Order. According to the Sentence Status Summary, Oliver's new sentences are running concurrently and are designated as overlapping and concurrent with a previously imposed 8- to 12-year sentence that Oliver was then serving. Petitioner's Brief, Exhibit C – DC-16E - Sentence Status Summary. Upon review, the Department has properly followed the sentencing order and calculated the new sentences as running concurrently, not consecutively, with each other and any other sentence that he is serving. *Id.*

As for the effective date of the new sentences at Docket Nos. CP-51-CR-0011716-2011 and CP-51-CR-0011718-2011, Oliver does not allege that the sentencing court ordered these sentences to commence on any date other than the date on which the sentences were imposed. According to Oliver's exhibits, he was sentenced on August 22, 2016; the section for the "effective date of sentence" was left blank. Petition, Exhibit – Sentencing Court Order. Absent any indication that these sentences were to commence on a date other than the date of sentencing, the Department correctly applied August 22, 2016, as the effective date, as reflected on the Sentence Status Summary. Petitioner's Brief, Exhibit C – DC-16E – Sentence Status Summary.

---

[8] Section 414(a) of this Court's Internal Operating Procedures authorizes the citation of unreported panel decisions issued after January 15, 2008, for their persuasive value, but not as binding precedent. 210 Pa. Code §69.414(a).

Oliver also claims that Respondents failed to properly apply credit as awarded by the sentencing court. Section 9760 of the Sentencing Code governs inmate credit providing:

> (1) Credit against the maximum term and any minimum term shall be given to the defendant for all time spent in custody *as a result of the criminal charge for which a prison sentence is imposed* or as a result of the conduct on which such a charge is based. Credit shall include credit for time spent in custody prior to trial, during trial, pending sentence, and pending the resolution of an appeal.

42 Pa. C.S. §9760(1) (emphasis added). This means that a defendant must be given credit for any days spent in custody before imposition of his sentence, but only if such commitment is attributable to the offense for which the sentence was imposed. *Commonwealth v. Infante*, 63 A.3d 358, 367 (Pa. Super. 2013); *Bernardini*, slip op. at 3. Section 9760 of the Sentencing Code "does not contemplate credit for time served to be awarded twice." *Barndt*, 902 A.2d at 595; *accord Bernardini*, slip op. at 3.

Here, the sentencing court ordered that the credit was to be calculated by the Philadelphia Prison System. *See* Docket Nos. CP-51-CR-0011716-2011, CP-51-CR-0011718-2011. Oliver "is attempting to equate a directive to calculate credit with an award of credit." *Bernardini*, slip op. at 3. There is no indication that the sentencing court intended for Oliver to receive any credit to which he was not entitled in contravention of the Sentencing Code. The sentencing court simply ordered Oliver's new sentences to run concurrently with each other and with any sentence that Oliver was already serving, with credit for time served. The sentencing court did not award Oliver with specific time to be applied to his new sentences. Even the DC-300B Court Commitment Form attached to Oliver's Petition reflects he was to receive "0 Days" of credit at Docket Nos. CP-51-CR-0011716-2011, CP-

9

51-CR-0011718-2011. Consequently, Oliver has failed to state a claim upon which relief may be granted. Thus, we sustain Respondents' demurrer in this regard.

## C. Act 84 Deductions

Second, Respondents demur on the basis that Oliver has failed to establish that the Department lacked authority pursuant to Act 84 to deduct funds from his inmate account for the payment of court-ordered costs and restitution. According to Respondents, the funds are properly being deducted based on the sentencing order, which imposed these financial obligations without any delay language.

Act 84 authorizes the Department to make monetary deductions from an inmate's account to pay court-ordered fines, costs, and restitution. 42 Pa. C.S. §9728(b)(5); *Boyd v. Pennsylvania Department of Corrections*, 831 A.2d 779, 782-84 (Pa. Cmwlth. 2003). Act 84 does not require prior court authorization as a threshold condition before funds may be deducted from an inmate's account. *See George v. Beard*, 824 A.2d 393, 396-97 (Pa. Cmwlth. 2003). A sentencing court's order governs the Department's collections from inmate accounts. *Freemore v. Pennsylvania Department of Corrections*, 231 A.3d 33, 39 (Pa. Cmwlth. 2020).

In accordance with Act 84, the Department developed collection guidelines set forth in Section 3 of DC-ADM 005. Of particular relevance here, Section 3.A.2.a, provides:

2. The Business Manager/designee shall:

a. If the Department is in possession of a court order or sentencing transcript, then the Business Manager/designee shall determine *if the order that*

10

> *imposes financial obligations on the inmate defers the payment of those obligations to a later date or event ('delay language'). If so, collection of costs as a result of that court order must not begin until the date or event indicated in the court order. In all such cases, the specific terms of a court order will control.* Questions concerning the terms of a court order shall be referred to the Act 84 Coordinator.

Section 3.A.2.a of DC-ADM 005 (italic emphasis added; original emphasis omitted).[9]

> As this Court recently explained:

> Once in possession of the sentencing order, the SCI's business manager must determine if it expressly "defers the payment of those obligations to a later date or event" and, only if it does, may the Department delay making deductions from an inmate account therefor. DC-ADM 005 Section 3.A.2.a (emphasis omitted). Otherwise, Section 9728(b)(5)(i) of Act 84 mandates that "[t]he [Department] shall make [the] monetary deductions . . . ." 42 Pa. C.S. §9728(b)(5)(i).

*Freemore*, 231 A.3d at 41 (footnote omitted).

Here, the sentencing court imposed costs and restitution, but there is no written direction regarding deferment in the sentencing order. *See* Petition, Exhibit – Sentencing Court Order; *see also* Docket Nos. CP-51-CR-0011716-2011 and CP-51-CR-0011718-2011. Neither the DC-300B Court Commitment Form or the colloquy for plea of guilty/nolo contendere document support Oliver's contention regarding deferment. *See* Petition, Exhibit – Sentencing Court Order.

---

[9] The Department's Collection of Inmate Debts policy is available at https://www.cor.pa.gov/About%20Us/Documents/DOC%20Policies/005%20Collection%20of%20Inmate%20Debts.pdf (last visited on June 22, 2021).

However, the testimony excerpt from the August 22, 2016 sentencing hearing, which Oliver attached to his brief, appears to support Oliver's claim that deferment was part of his negotiated plea agreement. Therein, the following exchange occurred between Oliver's defense counsel and the sentencing court:

> THE COURT: Before we proceed, there's also the issue of restitution and it sounds like it is not contested; is that correct, [Defense Counsel]?
>
> [DEFENSE COUNSEL]: Correct.
>
> THE COURT: I do order restitution in the amount of, I believe the total amount was $3,600 --
>
> [PROSECUTION]: Correct.
>
> THE COURT: -- and that will be payable to the University of Pennsylvania. That is also a condition of your sentence, do you understand that Mr. Oliver?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Okay.
>
> [DEFENSE COUNSEL]: Yes. He asked if that will be deferred until he's out of custody, correct?
>
> THE COURT: Yes, it will be deferred until you are released from custody, . . . .

Petitioner's Brief, Exhibit A, Plea Hearing Transcript, 8/22/16, at 44. Because Oliver provided only an excerpt from the transcript, it is unclear what transpired following this exchange. Nevertheless, we must accept as true all well-pled allegations of material fact that deferment was agreed to at the sentencing hearing. Petition, ¶23.

12

Notwithstanding, Oliver has still failed to state a claim upon which relief may be granted. The fact remains that the sentencing court's oral statements regarding deferment are not reflected in the sentencing documents. *See* Petition, Exhibit – Sentencing Court Order; *see also* Docket Nos. CP-51-CR-0011716-2011 and CP-51-CR-0011718-2011. Pennsylvania courts have consistently recognized that the sentencing court's oral statements, which are not incorporated into the written judgment signed by the sentencing court, are not a part of the judgment of sentence. *Commonwealth v. Borrin*, 80 A.3d 1219, 1226 (Pa. 2013); *Joseph v. Glunt*, 96 A.3d 365, 371 (Pa. Super. 2014); *Commonwealth v. Hodge*, 369 A.2d 815, 820 (Pa. Super. 1977); *Commonwealth v. Green*, 335 A.2d 392, 393 (Pa. Super. 1975); *Commonwealth v. Foster*, 324 A.2d 538, 539 (Pa. Super. 1974);[10] *see Commonwealth v. Isabell*, 467 A.2d 1287, 1292 (Pa. 1983) ("Generally, the signed sentencing order, if legal, controls over oral statements of the sentencing judge not incorporated into the signed judgment of sentence."). "In Pennsylvania, the text of the sentencing order, and not the [oral] statements a trial court makes about a defendant's sentence, is determinative of the court's sentencing intentions and the sentence imposed." *Borrin*, 80 A.3d at 1226; *see Commonwealth, ex rel. Powell v. Pennsylvania Department of Corrections*, 14 A.3d 912, 915-16 (Pa. Cmwlth. 2011); *Green*, 335 A.2d at 393. Thus, the sentencing order controls over oral statements of the sentencing judge not included in the signed judgment of sentence. *Borrin*, 80 A.3d at 1226; *Isabell*, 467 A.2d at 1292.

The Department is duty bound to follow the sentencing order as written, not the oral statements made by the sentencing court at the sentencing hearing.

___

[10] Although the decisions of the Superior Court are not binding upon this Court, they may serve as persuasive authority. *Lerch v. Unemployment Compensation Board of Review*, 180 A.3d 545, 550 (Pa. Cmwlth. 2018).

13

*Borrin*, 80 A.3d at 1226; *Isabell*, 467 A.2d at 1292. The sentencing order does not defer the payment of fines, costs, and restitution to a later date or event. *See* Petition, Exhibit – Sentencing Court Order; *see also* Docket Nos. CP-51-CR-0011716-2011 and CP-51-CR-0011718-2011. Absent any delay language in the sentencing order itself, Section 9728(b)(5)(i) of Act 84 mandates that "[t]he [Department] shall make [the] monetary deductions," which the Department did. 42 Pa. C.S. §9728(b)(5)(i). Because the sentencing order did not direct deferment, the Department was under no duty to defer collection. Consequently, Oliver has failed to state a claim upon which relief may be granted.[11] Therefore, we sustain Respondents' demurrer in this regard.

## D. Motion for Discovery

In light of our disposition that Oliver has failed to state a claim upon which relief may be granted based upon his well-pled allegations of fact, which we have accepted as true, the discovery of evidence to support those allegations would be a futile exercise. Therefore, we dismiss Oliver's Motion for Discovery as moot.

## III. Conclusion

Based on the foregoing, we conclude that Oliver has not established a clear right to the requested relief. We, therefore, sustain Respondents' demurrer, and dismiss Oliver's Petition and Motion for Discovery.

_____
MICHAEL H. WOJCIK, Judge

Judge Cohn Jubelirer did not participate in the decision of this case.

_____

[11] Oliver's only recourse is to petition the sentencing court for a modification of his sentencing order, *nunc pro tunc*, to accurately reflect the agreed-upon terms of his plea bargain. *See Fajohn*, 692 A.2d at 1068 n.1.

14

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Anthony Edward Oliver,                          :
                                                :
                        Petitioner              :
                                                :
            v.                                  : No. 491 M.D. 2019
                                                :
Pennsylvania Department of                      :
Corrections, John E. Wetzel,                    :
Dorina Varner, Kevin Kauffman,                  :
W. Scott Walters, Andrea Wakefield,             :
B. Linn, Constance Green,                       :
                                                :
                        Respondents             :

# **O R D E R**

AND NOW, this 19th day of July, 2021, Respondents' preliminary objection in the nature of demurrer is SUSTAINED; Petitioner's Petition for Review is DISMISSED; and Petitioner's Motion for Discovery is DISMISSED AS MOOT.

_____
MICHAEL H. WOJCIK, Judge