COMMONWEALTH of Pennsylvania, Ex Rel. Darryl POWELL, Petitioner

v.

PENNSYLVANIA DEPARTMENT OF CORRECTIONS, Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Sept. 3, 2010.

Decided Jan. 12, 2011.

Darryl Powell, petitioner, pro se.

Laura J. Neal, Asst. Counsel, Camp Hill, for respondents.

BEFORE: COHN JUBELIRER, Judge, and BROBSON, Judge, and FRIEDMAN, Senior Judge.

OPINION BY Judge BROBSON.

Before this Court is a petition for review filed in our original jurisdiction by Darryl Powell (Powell), *pro se,* seeking a writ of mandamus compelling the Department of Corrections (Department) to recalculate his prison sentence. Powell has filed an application for summary relief. For the reasons that follow, we grant Powell's application.

Powell, formerly incarcerated at the State Correctional Institution at Dallas (SCI–Dallas), was paroled from the Department's custody on August 31, 2009. On July 1, 2002, Powell was sentenced in three separate criminal actions in the

Court of Common Pleas of Philadelphia County: CP 0112–0367 (CP–367), CP 0203–0136 (CP–136), and CP 0009–0723 (CP–723). In CP–367, Powell was sentenced by the Honorable Lillian Ransom (Judge Ransom) to a term of one and one-half to three years incarceration, with two years of probation to be served consecutively. In CP–136, Powell was sentenced by Judge Ransom to a term of one and one-half to three years incarceration, with two years of probation to be served consecutively. Judge Ransom directed that CP–136 be served concurrent with CP–367. In CP–723, Powell was sentenced by the Honorable Genece Brinkley (Judge Brinkley) to a term of five to ten years incarceration. Judge Brinkley directed that CP–723 be served consecutively to CP–367 and CP–136.

Powell appealed Judge Ransom's sentences in CP–367 and CP–136 to the Superior Court. By order filed April 6, 2004, the Superior Court affirmed in part, vacated in part, and remanded the matter to Judge Ransom for resentencing. On June 16, 2004, Judge Ransom resentenced Powell in CP–367 to a term of one and one-half to three years incarceration, to be served concurrently with "any other sentence." (Department's Brief, Ex. E, at 2.) In CP–136, Judge Ransom resentenced Powell to a term of one and one-half to three years incarceration, to be served concurrently with CP–367. Based on Judge Ransom's June 16, 2004 resentencing orders, the Department recalculated Powell's overall prison term; figuring Judge Ransom's concurrent sentences in CP–367 and CP–136 as consecutive to Judge Brinkley's sentence in CP–723.

On February 13, 2006, Powell filed a petition for review in this Court seeking a writ of mandamus compelling the Department to recalculate his overall prison term so that Judge Brinkley's sentence in CP–723 would run concurrently with Judge Ransom's concurrent sentences in CP–367 and CP–136. Interestingly, on May 18, 2006, while Powell's action was still pending, the Department, in an exercise of its own volition, recalculated Powell's overall prison term so that all three sentences ran concurrently. Subsequently, on May 22, 2006, the Department filed a motion suggesting that this Court dismiss Powell's petition for mootness on the grounds that Powell's requested relief had been granted.[1] Powell opposed the Department's suggestion of mootness. By order dated June 20, 2006, this Court dismissed Powell's petition.

Relying on the Department's May 18, 2006 recalculation, Powell applied for prerelease to a community corrections center (CCC), which was approved.[2] Pursuant to the Department's standard procedures relating to inmate records, however, Powell's sentence calculation was reviewed as part of his processing for prerelease to the CCC. Performing this review, the Department sought clarification from Judge Ransom regarding her June 16, 2004 resentencing orders. The Department inquired whether Judge Ransom intended all three sentences to run concurrently, informing Judge Ransom that Judge Brinkley's July 1, 2002 sentencing

---

1. In support of its motion, the Department presented the unsworn declaration of Ralph Weiss, employed by the Department as a records specialist. After reviewing Powell's Sentence Status Summary, DOC form DC–16E, Mr. Weiss stated that, "[o]n the advice and request of counsel, Powell's sentence was re-

calculated on May 18, 2006 to make all three sentences concurrent." (Powell's Brief, Ex. D–1 at 5.)

2. Powell was scheduled to be released to a CCC on February 12, 2007. (Powell's Brief, Ex. F, at 1.)

order directed Powell's sentence in CP–723 to run consecutively to Powell's sentences in CP–367 and CP–136. Judge Ransom responded to the Department's inquiry on February 8, 2007, stating: "Please run my sentence consecutive to Judge Brinkley's sentence." (Powell's Brief, Ex. F–1 at 1.) Based on Judge Ransom's response, the Department again recalculated Powell's overall prison term, running Powell's sentences in CP–367 and CP–136 consecutively to Powell's sentence in CP–723.[3] As a result, Powell was denied prerelease to the CCC.

Powell now petitions for review in this Court's original jurisdiction, seeking a writ of mandamus compelling the Department to again recalculate his overall prison term so that Judge Ransom's sentences in CP–367 and CP–136 run concurrently with Judge Brinkley's sentence in CP–723. Powell argues that Judge Ransom's June 16, 2004 resentencing orders directed that all three of his sentences be served concurrently, and that the Department lacked the authority to change his sentencing structure from concurrent to consecutive based on Judge Ransom's February 8, 2007 clarification letter. Citing *Barndt v. Department of Corrections*, 902 A.2d 589, 597 (Pa.Cmwlth.2006), the Department counters that this Court has approved the Department's practice of sending letters of inquiry to sentencing judges as a procedure for clarifying sentencing orders, and that, to the extent Powell disagrees with Judge Ransom's clarification and the Department's subsequent action thereon, his remedy is to petition the sentencing court *nunc pro tunc* for reconsideration or modification of the sentencing orders imposed.

■ Mandamus is an extraordinary remedy available only to compel the performance of a ministerial act or mandatory duty on the part of a governmental body. *Id.* at 592. The Department is an administrative agency charged with faithfully carrying-out sentences imposed by the courts, and is without authority "to adjudicate the legality of a sentence or to add or delete sentencing conditions." *McCray v. Department of Corrections*, 582 Pa. 440, 451, 872 A.2d 1127, 1133 (2005). Because the sentence imposed by a trial court is a question of law that involves no discretion on the part of the Department, mandamus will lie to compel the Department to properly compute a prisoner's sentence. *Barndt*, 902 A.2d at 592.

■ We reject the Department's contention that Powell's remedy is to petition the sentencing court *nunc pro tunc* for reconsideration or modification of his sentence. Powell does not seek reconsideration or modification of his sentence. Rather, Powell seeks to compel the Department to carry-out the sentence imposed by Judge Ransom's June 16, 2004 resentencing orders.

■ In determining the sentence imposed by Judge Ransom, we are guided by decisions of the Superior Court. "A sentence ... is to be construed so as to give effect to the intention of the sentencing judge." *Com. v. Green*, 232 Pa.Super. 555, 335 A.2d 392, 393 (1975) (quoting *U.S. ex rel. Speaks v. Brierley*, 417 F.2d 597, 600 (3d Cir.1969), *cert. denied*, 397 U.S. 1051, 90 S.Ct. 1388, 25 L.Ed.2d 665 (1970)). "[T]o determine this intention the court

---

**3.** It is unclear why the Department decided it needed clarification of the June 16, 2004 resentencing orders at this juncture and not during the pendency of Powell's February 13, 2006 mandamus action—where the Department voluntarily granted Powell's requested relief, running all sentences concurrently, and then sought dismissal of Powell's petition for mootness. Interestingly, the same Department records specialist, Mr. Weiss, reviewed and recalculated Powell's sentence in both instances.

will limit itself to the language of the judgment despite ... statements of the sentencing judge which are not incorporated in it." *Id.* Furthermore,

> [t]he only sentence known to the law is the sentence or judgment entered upon the records of the court. If the entry is inaccurate, there is a remedy by motion to correct it to the end that it may speak the truth. But the judgment imports verity when collaterally assailed. Until corrected in a direct proceeding, it says what it was meant to say, and this by an irrebuttable presumption. In any collateral inquiry, a court will close its ears to a suggestion that the sentence entered in the minutes is something other than the authentic expression of the sentence of the judge.

*Com. ex rel. Woods v. Howard,* 249 Pa.Super. 428, 378 A.2d 370, 372–73 (1977) (quoting *Hill v. U.S. ex rel. Wampler,* 298 U.S. 460, 464, 56 S.Ct. 760, 762, 80 L.Ed. 1283 (1936)) (citations omitted).[4] Accordingly, this Court will limit its inquiry to the language embodied in Judge Ransom's June 16, 2004 resentencing orders to determine Powell's sentence.

At the time Judge Ransom resentenced Powell, Rule 705 of the Pennsylvania Rules of Criminal Procedure provided: "Whenever more than one sentence is imposed at the same time on a defendant, or whenever a sentence is imposed on a defendant who is sentenced for another offense, *the judge shall state whether the sentences shall run concurrently or consecutively.*" Pa. R.Crim. P. 705 (2004 ed.) (emphasis added). In CP–136, Judge Ransom resentenced Powell to one and one-half to three years incarceration, to be served concurrently with CP–367. In CP–367, Judge Ransom resentenced Powell to one and one-half to three years incarceration, to be served concurrently with "*any other sentence.*" (DOC's Brief, Ex. E, at 2 (emphasis added).) Significantly, nowhere in these orders does Judge Ransom direct CP–367 and CP–136 to be served consecutively to CP–723. Accordingly, by figuring Powell's sentences in CP–367 and CP–136 as consecutive to Powell's sentence in CP–723, the Department acted inconsistently with Judge Ransom's June 16, 2004 resentencing orders.

If we were to allow the Department to recalculate Powell's sentence

---

4. In *Howard,* a prisoner was sentenced for larceny of a motor vehicle while already serving sentences on convictions for rape and burglary. Although the sentencing judge stated during the sentencing hearing that the prisoner's larceny sentence was to run consecutively to the prisoner's prior sentences, the sentencing order did not expressly direct the larceny sentence to run consecutively. Thereafter, the clerk of courts informed the records officer of the trial court that the prisoner's larceny sentence should be computed as consecutive to the prior sentences. The prisoner filed a petition for a writ of habeas corpus in the trial court, seeking discharge based on the then rule that "a second sentence will be deemed to run concurrently with a prior sentence unless the sentencing court expressly directs that the second sentence shall run consecutively." *Howard,* 378 A.2d at 372. In reversing the trial court's denial of the prisoner's petition, the Superior Court stated:

> [T]he trial court's written order entered into the record ... and reproduced in the docket entries did not specify that appellant's ... larceny sentence would run consecutively to his prior sentences. Therefore, we must consider the [larceny] sentence to be concurrent with other sentences. *Because this is a habeas corpus proceeding, we may only consider the written order signed by the sentencing judge any may not review his oral pronouncements at the sentencing hearing.*

*Id.* at 373 (emphasis added). Accordingly, the Superior Court in *Howard* refused to consider anything other than the written sentencing order itself, including statements made on the record by the sentencing judge during the sentencing hearing.

based on Judge Ransom's clarification letter, we would in essence be permitting Judge Ransom to modify her June 16, 2004 resentencing orders. A sentencing court, however, may modify a sentencing order only in limited circumstances. Section 5505 of the Judicial Code provides: "Except as otherwise provided or prescribed by law, a court upon notice to the parties may modify or rescind any order within 30 days after its entry, notwithstanding prior termination of any term of court, if no appeal from such order has been taken or allowed." 42 Pa.C.S. § 5505. Generally, once the thirty-day period has passed, the trial court lacks jurisdiction to modify a sentencing order. *Com. v. Quinlan*, 433 Pa.Super. 111, 639 A.2d 1235, 1238 (1994). Although exceptions to the general rule exist, they are not applicable here.[5] Accordingly, Judge Ransom was divested of jurisdiction to modify her June 16, 2004 sentencing orders at the time she sent the February 8, 2007 clarification letter. We will not allow the Department to accomplish through administrative back-channels that which the sentencing court cannot achieve in its own right.

Finally, the Department's reliance on *Barndt* is misplaced. While this Court may have approved the Department's practice of sending letters of inquiry to sentencing judges as a way of clarifying sentencing orders, *Barndt* does not stand for the proposition that the Department can make substantive changes to a prisoner's sentence based on a sentencing judge's clarification.

In *Barndt,* the prisoner was arrested for possession of illegal drugs while serving a period of supervised release from a federal sentence previously imposed. Following his release on bail three days later, the prisoner became a fugitive with regard to both his prior federal charges and his pending state charges. Upon being apprehended, the prisoner was sentenced to serve an additional period of confinement on federal charges. Subsequently, the prisoner was sentenced on his state charges. In its sentencing order, the trial court indicated that the prisoner was to receive credit for time served. Thereafter, the Department sent a letter to the trial court requesting clarification of the prisoner's sentence with respect to credit for time the prisoner served on the federal sentence. The Department argued that the prisoner was not entitled to credit for the time he was actively serving on his unrelated federal sentence. The trial court responded that the prisoner was not to receive any duplicative credit, stating that its intent was only that Barndt receive "any credit that he was entitled to receive." *Barndt,* 902 A.2d at 592. In response to the trial court's clarification, the Department applied credit solely for the three days that the prisoner spent incarcerated prior to his release on bail. The prisoner petitioned this Court for a writ of mandamus to compel the Department to recalculate his sentence, arguing, *inter alia,* that the correspondence between the Department and the trial court violated his due process rights. Refusing to grant mandamus, we stated:

5. After expiration of the thirty-day time limitation, a sentencing court retains the power to correct obvious and patent mistakes. *Quinlan,* 639 A.2d at 1239. Notwithstanding, the alleged error here—failing to expressly direct Powell's sentences in CP–367 and CP–136 to run consecutively to Powell's sentence in CP–723—is neither patent nor obvious. "An

omission from an original sentence . . . is not a patent error *per se." Id.* Furthermore, "[t]he presumption that the written sentencing order is what the sentencing judge intended increases with the length of time that the written sentencing order goes unchallenged." *Id.* at 1240.

While it is established that the due process protections of both the Pennsylvania and United States Constitutions must be satisfied in the sentencing process itself, Barndt does not directly assert (and we will not hold) that [the Department]'s actions herein are a part of the court sentencing process. Further, we disagree with Barndt's assertion that no opportunity to be heard has been afforded to him in this matter in accordance with his due process rights.

. . . .

. . . Where a trial court's sentencing order is illegal on its face, due process opportunity to be heard is afforded to the prisoner seeking credit in the form of a *nunc pro tunc* petition to the sentencing court, and if denied, through further appeal therefrom. Where a trial court's sentencing order is legal on its face, due process opportunity to be heard is afforded since a prisoner may petition this Court in our original jurisdiction seeking a writ of mandamus to compel [the Department] to properly compute a prisoner's prison sentence. . . .

Under our foregoing analysis, the Trial Court's order was indeed a legal order, and Barndt's instant petition represents the due process afforded to him to have an opportunity to be heard. Under the language and intent of the Trial Court's order, as well as our precedent as herein applied, Barndt has been awarded the only credit he was due, namely the three days of his incarceration prior to his release on bail.

*Id.* at 596–98 (citations omitted).[6]

It is clear that the Department in *Barndt* did not modify the prisoner's sentence based on the sentencing judge's clarification. Rather, the Department merely confirmed that the sentencing judge intended only that the prisoner receive the credit that he was entitled under the law. The Department, therefore, was able to implement the sentencing judge's clarification without altering the conditions set forth in the sentencing order. Importantly, had this Court granted mandamus in *Barndt*, *i.e.*, awarded the prisoner presentence credit for a period of incarceration that was already applied to the prisoner's unrelated federal sentence, we would have compelled the Department to honor an illegal order, which is contrary to *Fajohn*. In contrast, the Department in this case cannot implement Judge Ransom's clarification without modifying the conditions embodied in the June 16, 2004 resentencing orders. As stated previously, the Department is without authority "to adjudicate the legality of a sentence or to add or delete sentencing conditions." *McCray*, 582 Pa. at 451, 872 A.2d at 1133. In addition, granting Powell's requested relief will not have the effect of compelling the Department to abide by an illegal sentencing order. Accordingly, *Barndt* does not provide support for the Department's actions.

**6.** In so holding in *Barndt,* this Court cited our Supreme Court's decision in *Fajohn v. Department of Corrections,* 547 Pa. 649, 692 A.2d 1067 (1997). In *Fajohn,* a prisoner was sentenced while already serving a sentence for unrelated offenses. In its sentencing order, the trial court directed that the prisoner receive 190 days credit pursuant to a negotiated plea agreement. The Department refused to apply the credit on the grounds that the 190 days had already been credited to the sentence that the prisoner was serving at the time he was sentenced. The prisoner brought a mandamus action in this Court seeking to compel the Department to apply the 190 day credit granted by the trial court. Finding that the trial court was precluded under the Pennsylvania Rules of Criminal Procedure from ordering the 190 day credit, the Supreme Court held that mandamus will not lie to compel the Department to abide by an illegal sentencing order.

■ Because the Department is charged with faithfully implementing sentences imposed by the courts, and because Judge Ransom's June 16, 2004 sentencing orders directed that CP–136 be served concurrently with CP–367 and that CP–367 be served concurrently with "any other sentence," the Department is ordered to recalculate Powell's overall prison term so that Judge Ransom's sentences in CP–367 and CP–136 run concurrently with Judge Brinkley's sentence in CP–723.[7]

Accordingly, Powell's application for summary relief is granted.

### ORDER

AND NOW, this 12th day of January, 2011, the application for summary relief filed by Darryl Powell is hereby GRANTED. The Department of Corrections is ordered to recalculate Darryl Powell's sentence in accordance with the attached opinion.

**7.** While we recognize that Judge Brinkley's July 1, 2002 sentencing order directed Powell's sentence in CP–723 to run consecutively to Powell's sentences in CP–367 and CP–136, that order pertained to Powell's sentences in CP–367 and CP–136 as entered by Judge Ransom on July 1, 2002. Judge Ransom's July 1, 2002 sentencing orders were subsequently vacated and Powell was resentenced in CP–367 and CP–136 on June 16, 2004. "Once a sentence is vacated ... it is no longer in effect." *Com. v. Romolini*, 384 Pa.Super. 117, 557 A.2d 1073, 1080 (1989); *see also Com. v. Holz*, 483 Pa. 405, 408, 397 A.2d 407, 408 (1979) ("If there is no prior sentence, there is

nothing for the instant sentence to run concurrent or consecutive to."). Accordingly, running Powell's sentence in CP–367 and CP–136 concurrently with Powell's sentence in CP–723 is not inconsistent with Judge Brinkley's July 1, 2002 sentencing order.

Furthermore, if Judge Ransom's June 16, 2004 resentencing orders did not conform to Judge Brinkley's July 1, 2002 sentencing order, it was the Commonwealth's obligation— as the aggrieved party—to petition for modification or reconsideration within the established thirty-day time period. *See Com. v. Isabell*, 503 Pa. 2, 13, 467 A.2d 1287, 1293–93 (1983).