# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Matthew Blair Bernardini,                    :
                    Petitioner               :
                                             :
        v.                                   :        No. 650 M.D. 2016
                                             :        SUBMITTED:  May 12, 2017
Commonwealth of Pennsylvania,                :
Dep't of Corrections,                        :
                    Respondent               :


BEFORE:    HONORABLE P. KEVIN BROBSON, Judge
           HONORABLE JULIA K. HEARTHWAY, Judge
           HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


**OPINION NOT REPORTED**

**MEMORANDUM OPINION BY**
**SENIOR JUDGE LEADBETTER**                          **FILED:  September 1, 2017**


Before the Court for disposition in our original jurisdiction is the motion for judgment on the pleadings filed by Petitioner, Matthew Blair Bernardini, and the cross motion for judgment on the pleadings filed by Respondent, the Commonwealth of Pennsylvania, Department of Corrections.  For the reasons that follow, we deny Petitioner's motion, grant Respondent's cross motion, and render judgment in favor of Respondent.

According to the pleadings, Petitioner is currently incarcerated at SCI-Fayette.  In February 2014, he was sentenced in Allegheny County to a term of three to six years imprisonment for a firearms offense (firearms case).  November 18, 2016, Petition for Review, ¶s 2 - 5.  He was awarded 260 days of pre-sentence credit toward that sentence.  *Id.*, ¶ 6.  While serving that sentence, he was arraigned

in Greene County on a new charge relating to a drug offense (drug case). *Id*., ¶ 9. Following Petitioner's negotiated guilty plea to one count of possession of controlled substance/contraband by an inmate, the Honorable Louis Dayich of the Court of Common Pleas of Greene County entered an order providing that "the sentence in this matter [drug case shall] be not less than 2 years, nor more than 4 years, and that [it] shall run concurrent with any sentence the Defendant is now serving, *with credit for time served to be calculated by the Department of Corrections*." *Id*., Exhibit A at 2 (March 16, 2016, order) (emphasis added). In addition, Judge Dayich ordered the Sheriff of Greene County to return Petitioner to SCI-Fayette "to begin commencement of the sentence." *Id*. The plea, the sentencing, and the return all occurred on the same day.

Respondent subsequently determined that there was no credit due, noting "overlapping concurrent" as its basis for computation. *Id*., Exhibit B at 2 (April 19, 2016, DC16E-Sentence Status Summary). Thereafter, Petitioner filed a "petition to amend sentence for credit for time served" with the sentencing judge.[1] Judge Dayich denied the petition, stating as follows: "It is contemplated that the sentence [in the drug case] shall run concurrent *from the date of imposition of the sentence*[,] with [Respondent] to make the calculation as to the credit for time served." *Id*., Exhibit C at 1 (August 23, 2016, order) (emphasis added). In support, Judge Dayich referenced Pa. R. Crim. P. 705(b), which provides that the

---

[1] "Generally, once the thirty-day period has passed, the trial court lacks jurisdiction to modify a sentencing order." *Commonwealth ex rel. Powell v. Pa. Dep't of Corr.*, 14 A.3d 912, 917 (Pa. Cmwlth. 2011). An inmate may seek clarification or modification of a sentence thirty days after entry of the sentencing order, however, by filing a motion for modification of sentence *nunc pro tunc* therein averring that the sentence as recorded did not reflect the court's intent and that such did not become evident until beyond the appeal period. *Fajohn v. Dep't of Corr.*, 692 A.2d 1067, 1068 n.1 (Pa. 1997).

sentencing judge shall state when a sentence is to commence and, if it is to run concurrently, it shall commence from the date of imposition unless the judge orders otherwise. Petitioner averred that he did not appeal from either of the aforementioned orders and that the Post Conviction Relief Act[2] was not a cognizable alternative. *Id*., ¶s 19 and 20.

In its answer and new matter, Respondent averred that there was no credit due in the drug case because Petitioner did not spend any time in county prison for that case "having been sent out on a writ and returned to the state correctional facility on the same day." December 21, 2016, Answer and New Matter, ¶ 14. Further, admitting that Petitioner was subject to a straight bond from the date of his arraignment to the date of his sentence in the drug case, Respondent averred that there was nonetheless no pre-sentence time credit to apply to the drug case because "he was not incarcerated by the county on that sentence for that time, but was returned immediately to [SCI] at Fayette, where he was continuously serving time on the Gun Case." *Id*., ¶ 15.

Following the close of the pleadings, Petitioner filed a motion for judgment on the pleadings alleging that only a legal interpretation was at issue and that he was entitled to a writ of mandamus to compel the Department to award him credit in his drug case for the time period of October 27, 2015, when he received the $25,000 bond, to March 15, 2016, when he was sentenced. Respondent filed a cross motion alleging that Petitioner was not entitled to additional and duplicative credit for the time that he was already serving in the gun case.

When ruling on a motion for judgment on the pleadings, we must view all of the opposing party's allegations as true, and only those facts that the

---

[2] 42 Pa. C.S. §§ 9541 - 9546.

opposing party has specifically admitted may be considered against the opposing party. We may consider only the pleadings themselves and any documents properly attached thereto. We may grant a motion for judgment [on] the pleadings only where there is no genuine issue of fact and the moving party is entitled to judgment as a matter of law. *Parish v. Horn,* 768 A.2d 1214, 1215 n.1 (Pa. Cmwlth. 2001), *aff'd*, 791 A.2d 1155 (Pa. 2002) (citations omitted).

"Where a trial court's sentencing order is legal on its face," an inmate may petition this Court seeking a writ of mandamus to compel Respondent to properly compute his prison sentence.[3] *Barndt v. Pa. Dep't of Corr.*, 902 A.2d 589, 598 (Pa. Cmwlth. 2006). Mandamus is available to examine whether statutory requirements have been met in computing an inmate's maximum and minimum dates of confinement "[b]ecause the sentence imposed by a trial court is a question of law that involves no discretion on the part of [Respondent]" as the agency charged with faithfully carrying out sentences imposed by the courts. *Commonwealth ex rel. Powell v. Pa. Dep't of Corr.*, 14 A.3d 912, 915 (Pa. Cmwlth. 2011). Notwithstanding the fact that Respondent is without authority to adjudicate the legality of a sentence or to modify sentencing conditions, *id.*, mandamus will not lie to compel it to abide by an illegal sentencing order. *Fajohn v. Dep't of Corr.*, 692 A.2d 1067, 1068 (Pa. 1997). Instead, mandamus is an appropriate remedy to correct an error in Respondent's computation "where the sentencing order clearly gives the inmate credit for the time period in question and

---

[3] Mandamus is an extraordinary remedy, designed to compel the performance of a ministerial act or mandatory duty. *Sanders v. Pa. Bd. of Prob. and Parole,* 651 A.2d 663, 666 (Pa. Cmwlth. 1994). Such relief is available only where there exists a clear legal right in the plaintiff, a corresponding duty in the defendant, and want of any other adequate and appropriate remedy. *Id.*

4

[the] computation does not comply with that credit." *Allen v. Pa. Dep't of Corr.*, 103 A.3d 365, 370 (Pa. Cmwlth. 2014), *appeal denied*, 112 A.3d 648 (Pa. 2015).

Here, the parties do not dispute that Section 9760 of the Sentencing Code (Code) governs. Section 9760(1) of the Code provides:

> **Credit for time served**
>
> After reviewing the information submitted under section 9737 (relating to report of outstanding charges and sentences) the court shall give credit as follows:
>
> (1) Credit against the maximum term and any minimum term shall be given to the defendant for all time spent in custody *as a result of the criminal charge for which a prison sentence is imposed* or as a result of the conduct on which such a charge is based. Credit shall include credit for time spent in custody prior to trial, during trial, pending sentence, and pending the resolution of an appeal.

42 Pa. C.S. § 9760(1) (emphasis added). Accordingly, a defendant must be given credit for any days spent in custody before imposition of his sentence, but only if such commitment is attributable to the offense for which the sentence was imposed. *Commonwealth v. Infante*, 63 A.3d 358, 367 (Pa. Super. 2013). Section 9760 of the Sentencing Code "does not contemplate credit for time served to be awarded twice." *Barndt*, 902 A.2d at 595.

Notwithstanding the foregoing, Petitioner asserts that Judge Dayich expressly granted credit for time served and that Respondent in calculating credit erroneously rendered its interpretation of the Code and applied that construction to the computation. More specifically, Petitioner maintains that Respondent exceeded Judge Dayich's directive to mechanically calculate credit for the time period when Petitioner was in pre-trial detention for the drug case by construing

5

the statute in such a way as to determine that no credit was due. Petitioner's position is without merit.

Petitioner is attempting to equate a directive to calculate credit with an award of credit. There is no indication that Judge Dayich intended for Petitioner to receive any credit to which he was not entitled in contravention of the Code. In directing Respondent to calculate credit for time served, the judge did not indicate one way or another his belief as to whether such a computation would yield any credit. He simply ordered that the sentence in the drug case run concurrently with *any* sentence Petitioner was serving, with credit for time served to be calculated by Respondent and the new sentence to commence when the inmate was returned to SCI-Fayette. As Respondent averred, Petitioner spent no time in county jail for his drug case, having rendered his plea and received his sentence on the same day that the sheriff returned him to SCI-Fayette.

Moreover, Petitioner is urging this Court to interpret the plain language of the order in such a way as to render a construction that would be contrary to the Code. As previously noted, mandamus will not lie to compel Respondent to follow an illegal sentencing order. *Fajohn*, 692 A.2d at 1068. Accordingly, where, as here, the order is legal on its face, we decline to interpret it to render an illegal result. *See Powell*, 14 A.3d at 915-16 (holding that, in order to determine the intent of the sentencing judge, a reviewing court is limited to the language of the judgment). In any event, if there was any doubt as to what Judge Dayich contemplated in his initial order, he clarified his intention in his subsequent order by directing that Petitioner's sentence in the drug case run concurrently from the date of imposition of that sentence consistent with Rule 705(b).

6

In addition, while it is true that Respondent lacks the power to alter credit or to adjudicate the legality of a sentence, it is required to adhere to the statutory requirements in rendering a computation. *Id*. at 915. In this way, Petitioner's characterization of Respondent's calculation task as "mechanical" is accurate in that a sentence is a question of law engendering no discretion on Respondent's part. *Id*. However, contrary to Petitioner's contention, Respondent must interpret the Code in order to render a computation in accordance with the law. Accordingly, in response to Judge Dayich's directive, it concluded that no credit was due consistent with both the sentencing order and the Code.[4]

Finally, Petitioner contends that, where the court in its sentencing order manifested a clear intent to award time-credit, Respondent was obligated to credit time to the drug case despite the overlapping sentence in the gun case. In support, he cites case law wherein he alleges this Court concluded that a prisoner could be credited time toward one sentence that was already attributed to another: *Allen*, 103 A.3d 365, and *Johnson v. Pennsylvania Department of Corrections*, (Pa. Cmwlth., No. 272 M.D. 2014, filed April 20, 2015).[5] Mindful that we already rejected Petitioner's assertion that Judge Dayich's directive to Respondent to conduct a computation was tantamount to an award of credit, these cases are inapposite.

---

[4] We note Respondent's response to Petitioner's query as to why Judge Dayich would have included credit in his initial order if his intent was for the drug case sentence to commence on the date of imposition: "Judge Dayich may not have known whether Petitioner, in fact, received that same period of credit for the Gun case, which was adjudicated by a *different* judge in a *different* county . . . and wanted to be sure Petitioner had the credit applied to one case or the other, not both." Respondent's Brief at 9 (emphasis in original).

[5] Pursuant to this Court's Internal Operating Procedure § 414(a), "[p]arties may . . . cite an unreported panel decision of this court issued after January 15, 2008, for its persuasive value, but not as binding precedent."

7

In *Allen*, this Court considered the inmate's argument that Respondent disregarded the trial court's third violation of parole re-sentencing order wherein it ordered "credit for any time previously served on this matter as determined by prisons." This Court agreed with the inmate that, if Respondent did not credit time served, his third violation of parole sentence would illegally exceed the ten-year statutory maximum for the underlying second-degree felony charge. *See McCray v. Pa. Dep't of Corr.*, 872 A.2d 1127, 1132 (Pa. 2005) (holding that, total confinement cannot exceed the legal maximum established for the crime). In determining that the inmate established a clear right to receive credit for time served, we observed that the sentencing order expressly and unambiguously awarded credit, thereby triggering Respondent's duty to implement the sentencing order by awarding credit for time served. In the present case, however, there was no such clear intent to award credit, but instead, a clear intent for Respondent to conduct a calculation to ascertain credit for time served. In addition, if Respondent were to have calculated credit to include the time period advanced by Petitioner, it would have been in contravention of the Code. Accordingly, *Allen* is distinguishable.

Turning to *Johnson*, the sentencing judge in that case ordered that the effective date of the inmate's sentence begin prior to the imposition date and that it run concurrently with a sentence imposed at an earlier date. In his mandamus action, the inmate argued that, even though the sentencing court directed that his sentence be effective on a date certain, Respondent did not calculate his minimum and maximum sentence expiration dates using the effective date of his sentence. *Johnson* also implicated an outstanding issue as to whether two sentences contained related charges. Even if *Johnson* were binding precedent, it is

8

distinguishable. Here, the two sentences at issue were unrelated. Additionally, even though Judge Dayich in his initial order did not direct that the sentence in the drug case commence on a date certain, he directed the sheriff to transport the inmate to SCI-Fayette "to begin commencement of the sentence." Accordingly, it was not Judge Dayich's intent that the new sentence start on the date Petitioner's bond was lodged against him, as Petitioner asserts, but instead, that it commence once the sheriff returned him to SCI-Fayette. As previously noted, the sheriff returned Petitioner to SCI-Fayette on the same day that Judge Dayich imposed the sentence.

Accordingly, Petitioner's motion for judgment on the pleadings is denied and the Department's cross motion for judgment on the pleadings is granted. Without further motion, therefore, we will enter judgment in favor of the Department.

_____
**BONNIE BRIGANCE LEADBETTER,**
Senior Judge

9

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Matthew Blair Bernardini,　　　　　　:
　　　　　　Petitioner　　　　　　　　:
　　　　　　　　　　　　　　　　　　:
　　　　　　v.　　　　　　　　　　　: No. 650 M.D. 2016
　　　　　　　　　　　　　　　　　　:
Commonwealth of Pennsylvania,　　　　:
Dep't of Corrections,　　　　　　　　:
　　　　　　Respondent　　　　　　　:

# **O R D E R**

AND NOW, this 1st day of September, 2017, the motion for judgment on the pleadings filed by Petitioner, Matthew Blair Bernardini, is hereby DENIED and the cross motion for judgment on the pleadings filed by Respondent, the Commonwealth of Pennsylvania, Department of Corrections, is hereby GRANTED. Judgment is hereby rendered in favor of Respondent.

　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　**BONNIE BRIGANCE LEADBETTER,**
　　　　　　　　　　　　　　　　　　　Senior Judge