# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Diante Wilson,                                    :
        Petitioner                  :
                                        :
        v.                                  :    No. 58 C.D. 2017
                                          :    SUBMITTED:  May 26, 2017
Pennsylvania Board of                            :
Probation and Parole,                            :
        Respondent                  :

BEFORE:   HONORABLE P. KEVIN BROBSON, Judge
              HONORABLE JULIA K. HEARTHWAY, Judge
              HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

**OPINION NOT REPORTED**

**MEMORANDUM OPINION BY**
**SENIOR JUDGE LEADBETTER**               **FILED:  September 1, 2017**

        Diante Wilson (Petitioner) petitions for review of an order of the Pennsylvania Board of Probation and Parole (Board) denying his challenge to the parole violation maximum date established by the Board.  At issue is whether the Board was required to credit time Petitioner spent confined as a result of a judicial detainer/bench warrant the same way that it credited time accrued as a result of a board detainer/board warrant.  We conclude that the Board did not err in determining that no credit was due for the time that Petitioner was confined pursuant to the judicial detainer and, therefore, affirm.

        The relevant background is as follows.  In July 2009, Petitioner was sentenced to three to six years of imprisonment for a firearms offense.  Certified Record (C.R.), Section 1 at 1.  In February 2014, he was paroled from SCI-Houtzdale to a community corrections center.  *Id*., Section 4 at 48.  He was

discharged to an approved home plan in May 2014, but subsequently was sanctioned with increased reporting and required to undergo drug and alcohol evaluation. *Id.* In December 2014, Pittsburgh police arrested him and charged him with receiving stolen property. *Id.* The Board issued a warrant on December 22, 2014. *Id.*, Section 3 at 43. Although a preliminary detention hearing was scheduled, it was continued pending the outcome of his preliminary hearing. *Id.*, Section 5 at 49 and 54.

When Petitioner failed to appear at his February 19, 2015, preliminary hearing without good cause, a bench warrant was issued. *Id.*, Section 3 at 39 and 42. Subsequently, the Board held a February 27, 2015, preliminary detention hearing after which he was detained pending disposition of criminal charges. *Id.*, Section 6 at 58-59. On March 5, 2015, the bench warrant was cancelled. *Id.*, Section 4 at 42. Thereafter, the Board held a violation hearing on March 31, 2015, after which it issued an April 2015 decision continuing Petitioner on parole. *Id.*, Section 9 at 146. Subsequently, Petitioner walked out of the community corrections center on April 28, 2015. The Board declared him delinquent the following day. *Id.* at 149.

In June 2015, Pittsburgh police arrested Petitioner and charged him with numerous offenses. *Id.*, Section 10 at 150 and 157-58. On June 20, 2015, the Board issued a board warrant. *Id.* at 168. At that time, his parole maximum date was July 5, 2015. *Id.*, Section 6 at 64. Also on June 20, Petitioner's bail was set at $10,000 on his new charges. *Id.*, Section 10 at 157. After it was decreased to $1000, bail was posted on July 2, 2015.[1] Subsequently, because Petitioner had

---

[1] Although the Board states that there is no indication in the record that Petitioner posted bail, the record reflects that he did so. C.R., Section 10 at 157 and 165, and Section 12 at 182.

2

reached his parole maximum date on July 5, 2015, the board detainer was lifted.[2] *Id*., Section 11 at 177. Accordingly, the Board cancelled its warrant to commit and detain on July 13, 2015, with a directive to release to "Judge Todd's detainer ONLY." *Id*. at 176.

In August 2015, Petitioner was held for court for the following offenses: manufacture, delivery, or possession with intent to manufacture or deliver a controlled substance; escape; fleeing or attempting to elude officer; intentional possession of controlled substance by person not registered; driving an unregistered vehicle; and vehicle registration suspended. *Id*., Section 10 at 166. The case was transferred to common pleas in September 2015, he was arraigned in October 2015, and the court sentenced him on the new charges on March 14, 2016. The sentence provided for restrictive intermediate punishment, probation, applicable fees and costs, and release within forty-eight hours. *Id*., Section 12 at 179-80. On March 29, 2016, the Board issued a board warrant to detain him, stating: "Although offender's original maximum sentence was 7/6/15, the maximum sentence is being extended due to a period of delinquency and a new conviction. The new maximum sentence will be computed upon recording of the Board's final action." *Id*. at 181.

Following a July 2016 revocation hearing, the Board in its hearing report noted that Petitioner remained detained solely on a judge's bench warrant from July 6, 2015, to March 29, 2016.[3] *Id*., Section 13 at 198. Subsequently, the

---

[2] The Board is required to lift its detainer on an offender on state parole facing new criminal charges when the existing maximum term expiration date is reached and the offender has not yet been tried on the new charges. 12 West's Pa. Prac., Pa. Law of Probation and Parole, Section 11:11 (2010).

[3] Like the Board, we were unable to find a specific document in the record reflecting that a judicial detainer was issued. Neither party disputes, however, that Petitioner was imprisoned **(Footnote continued on next page…)**

Board in its August 2016 decision recommitted Petitioner to a state correctional institution as a convicted parole violator to serve his unexpired term of one year and one month for all but the vehicle-related offenses. *Id.*, Section 14 at 217. The Board calculated his parole violation maximum date as April 27, 2017, crediting him for two periods that he was detained by the Board (December 22, 2014, to April 6, 2015, and June 20, 2015, to July 6, 2015), but not for the time period that he was detained by the court: July 6, 2015, to March 29, 2016. *Id.* at 219.

Petitioner sought administrative relief from the Board, alleging that he received a sentence of intermediate punishment, that he served time in the county jail for which he did not receive credit, and that the time was not applied to any other case. *Id.*, Section 15 at 222. The Board denied Petitioner's requested relief and this action followed.

The Board has both the authority and responsibility to administer the state parole system, which includes directing the recommitment of convicted parole violators and recalculating maximum sentence and reparole review dates. *Martin v. Pa. Bd. of Prob. & Parole*, 840 A.2d 299, 302 (Pa. 2003). In this regard, the computation of recommitment time, including the proper crediting of time spent in custody solely on a board warrant, is a determination to be made solely by the Board. *Pierce v. Pa. Bd. of Prob. & Parole*, 500 A.2d 181, 183 (Pa. Cmwlth. 1985). Our review is limited to determining whether necessary findings are supported by substantial evidence, an error of law was committed, or constitutional

---

**(continued…)**
during the period of the judicial detainer. This is consistent with Petitioner's Moves Report (C.R., Section 14 at 221).

4

rights have been violated. *Fisher v. Pa. Bd. of Prob. & Parole,* 62 A.3d 1073, 1075 n.1 (Pa. Cmwlth. 2013).

Petitioner maintains that he is entitled to confinement credit for the judicial-detainer period, alleging that a judicial detainer has the same legal effect as a board detainer in that an individual is similarly not "at liberty." *See Cox v. Pa. Bd. of Prob. & Parole*, 493 A.2d 680, 685 (Pa. 1985) (holding that, "at liberty on parole [does] not mean 'at liberty from all confinement,' but at liberty from confinement on the particular sentence for which the convict is being re-entered as a parole violator"). In support, he cites *Martin*, holding that an offender being held both on a board detainer and new criminal charges must receive credit to either the new sentence or the original, and Section 9760(1) of the Sentencing Code,[4] the statutory criteria applicable to sentencing for new criminal charges. Section 9760(1) requires that "[c]redit against the maximum term and any minimum term shall be given to the defendant for all time spent in custody as a result of the criminal charge for which a prison sentence is imposed or as a result of the conduct on which such a charge is based." His position is without merit.

Contrary to Petitioner's argument, the type of detainer pursuant to which an offender is confined has legal significance because there are fundamental differences between them. Regarding board detainers, our Supreme Court in *Martin* held:

> Where a parolee is arrested while on parole, the Board is permitted, at its discretion, to place a detainer against [him] that will "prevent the parolee from making bail, pending the disposition of the new charges or other action of the court." 37 Pa. Code § 65.5(2). The detainer under these circumstances is an outstanding parole-

---

[4] 42 Pa. C.S. § 9760(1).

5

> violation charge and essentially constitutes an untried indictment, information, or complaint that is to be resolved at a probation revocation hearing. Therefore, when an offender is held on new criminal charges as well as a detainer lodged by the Board, we believe that the offender is confined for both offenses.

*Martin*, 840 A.2d at 303. In contrast, a judicial detainer/bench warrant may be issued when a defendant fails to appear for a preliminary hearing,[5] for example, or in a situation such as one herein at issue where the offender has completed his maximum term of imprisonment and the Board is required to lift its detainer. Significantly, Petitioner's history included failing to appear at a preliminary hearing without good cause, walking out of a community correction center, and pending charges of escape and attempting to elude an officer. Accordingly, the difference between the two types of detainers is a distinction with a legal difference and *Martin* is not analogous.

Moreover, the sentencing court did not award any confinement credit to Petitioner for the period of the judicial detainer or direct that credit be calculated for that time period. In the absence of such an award, the Board was without authority to adjudicate the legality of a sentence or to alter credit. *Commonwealth ex rel. Powell v. Pa. Dep't of Corr.*, 14 A.3d 912, 915 (Pa. Cmwlth. 2011). In other words, awarding credit for the judicial-detainer confinement would have constituted a modification of sentencing conditions and illegally usurped the court's sentencing function. Accordingly, we reject Petitioner's argument that the Board should have decreased the maximum date imposed by the judge by awarding credit for the time period at issue.[6]

---

[5] *See* Pa. R. Crim. P. 543(D) and 559.

[6] In contrast, due to the distinction between a judicial sentence and backtime, no separation of powers violation results from the Board's authority to extend a maximum term expiration date
**(Footnote continued on next page…)**

6

Finally, we find an unreported decision to be instructive: *Thornton v. Pa. Bd. of Prob. & Parole*, (Pa. Cmwlth., No. 296 C.D. 2008, filed February 23, 2009).[7] When Thornton completed his maximum date of imprisonment, the Board lifted its detainer and he was released from confinement. Subsequently, a judge issued a judicial detainer and he remained in the county jail until he pled guilty and was sentenced to county jail confinement. Thereafter, the Board lodged another detainer, formally indicating that it was seeking to have him declared a convicted parole violator. Upon Thornton seeking credit for the time that he was held on a judicial detainer, rather than a board detainer, this Court held: "Thornton does not point to any case law which indicates that the Board must award credit when a parolee is held in a county jail pursuant to a *judicial detainer* for a separate sentence than the one for which he is on parole." *Id.*, slip op. at 13 (emphasis in original). In that regard, even though the Board in the present case indicated that it was unclear from the record whether Petitioner was confined on his new charges after the Board lifted its detainer in July 2015, we conclude that it was not required

---

(continued…)
based on an offender's new conviction. A judicial sentence is imposed for a new criminal prosecution upon a convicted criminal defendant. Backtime "relates to the original [judicial] sentence from which an offender is paroled and is unrelated to any sentence required for a conviction on other criminal charges." *Martin*, 840 A.2d at 303. In other words, backtime is "'that part of an *existing judicially-imposed sentence* which the Board directs a parolee to complete following a finding[,] after a civil administrative hearing[,] that the parolee violated the terms and condtions of parole,' and before the parolee begins to serve the new sentence." *Id.* (emphasis added) (citations omitted). Accordingly, courts have rejected inmates' arguments that the denial of credit for time at liberty on parole amounts to an extension of the maximum date imposed by the sentencing judge. *Young v. Pa. Bd. of Prob. & Parole*, 409 A.2d 843, 847-48 (Pa. 1979).

[7] Pursuant to this Court's Internal Operating Procedure § 414(a), "[p]arties may . . . cite an unreported panel decision of this court issued after January 15, 2008, for its persuasive value, but not as binding precedent."

7

to credit Petitioner with confinement time that the sentencing judge did not award and that was not based on a board detainer or action.

Accordingly, we affirm.

 

_____
**BONNIE BRIGANCE LEADBETTER,**
Senior Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Diante Wilson,                                     :
                    Petitioner                     :
                                                   :
        v.                                         :   No. 58 C.D. 2017
                                                   :
Pennsylvania Board of                              :
Probation and Parole,                              :
                    Respondent                     :

# **O R D E R**

AND NOW, this 1st day of September, 2017, the order of the Pennsylvania Board of Probation and Parole is hereby AFFIRMED.

 

_____
**BONNIE BRIGANCE LEADBETTER,**
Senior Judge