# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Calvin Mitchell, | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 240 M.D. 2020 |
| | : | Submitted: February 6, 2024 |
| Dept of Corrections, | : | |
| Respondent | : | |

**BEFORE:**    **HONORABLE RENÉE COHN JUBELIRER,** President Judge
                **HONORABLE ANNE E. COVEY,** Judge
                **HONORABLE MARY HANNAH LEAVITT,** Senior Judge

**OPINION NOT REPORTED**

**MEMORANDUM OPINION BY**
**PRESIDENT JUDGE COHN JUBELIRER**      **FILED: March 6, 2024**

Before this Court in its original jurisdiction is Calvin Mitchell's (Mitchell), pro se, Motion for Summary Judgment on the Pleadings (Motion), and the Department of Corrections' (DOC) Cross-Application for Summary Relief (Cross-Application). Mitchell argues DOC miscalculated his sentences and that the sentences imposed by Judge Steven R. Geroff were to run concurrently to sentences imposed by Judge Carolyn E. Temin. DOC argues Judge Geroff ordered his sentences to run consecutively to Judge Temin's sentences. After review, because there are material facts in dispute, we deny Mitchell's Motion and likewise deny DOC's Cross-Application.

## I.    BACKGROUND

On March 20, 2020, Mitchell filed his Petition for Review (Petition) challenging DOC's calculation of his multiple sentences, which were imposed by

two different judges of the Court of Common Pleas of Philadelphia County (trial court). Our Court previously handled this matter on DOC's Preliminary Objection (PO) in the nature of a demurrer to Mitchell's Petition. *See Mitchell v. Dep't. of Corr.* (Pa. Cmwlth., No. 240 M.D. 2020, filed July 6, 2022) (*Mitchell I*). There, we summarized the facts as follows.

> On March 20, 2020, Mitchell filed the Petition, in which he avers the following. On June 25, 1997, Mitchell was sentenced by Judge Geroff at CP-51-CR-0106351-1996 (CP 6351) to "10 to 20 years for robbery, 10 to 20 years for [a]gg[ravated] [a]ssault, 5 to 10 years for [possessing instruments of a crime], and 2 ½ to 5 [years] for conspiracy" for an aggregate sentence of 27 ½ to 55 years' incarceration (June 25 Sentences). (Petition ¶¶ 3, 5.) When Judge Geroff sentenced Mitchell he "was very adamant about his [June 25 Sentences] running consecutive[ly]." (*Id.* ¶ 5.) Mitchell was not serving any other sentences at the time the June 25 Sentences were imposed. (*Id.* ¶ 6.) The June 25 Sentences are reflected as a "Remark" on Mitchell's DC-16E Sentence Status Summary. (*Id.*, Exhibit (Ex.) C.)
>
> Mitchell was subsequently sentenced, on July 3, 1997, by Judge "Temin at CP 0908 and CP 0908 Bill 2" to concurrent terms of 1 to 2 years' incarceration, which were to run "concurrently with any sentence now serving[]" [(July 3 Sentences).] (*Id.* ¶ 4, Ex. B.) At the time Judge Temin sentenced Mitchell, he was serving the June 25 Sentences imposed by Judge Geroff at CP 6351. (*Id.* ¶ 5.)
>
> Mitchell filed a motion challenging the June 25 Sentences, after which Judge Geroff resentenced Mitchell at CP 6351 to serve the same aggregate 27 ½[-] to 55[-]year sentences on September 5, 1997 (September 5 Resentences). (*Id.* ¶ 6, Ex. A at 8.) . . . . Mitchell filed grievances regarding DOC's calculation of his sentences, which were denied.[] (*Id.* ¶¶ 7-14, Ex. A.) The orders reflecting Judge Geroff's June 25 Sentences, Judge Temin's [July 3 S]entences, and Judge Geroff's September 5 Resentences are not attached to the Petition. Instead, Mitchell attaches two DC-300B "Court Commitment Sheets" for Judge Temin's [July 3 S]entences, and excerpts from his DC-16E – "Sentence Status Summary," which lists Judge Temin's [July 3 S]entences first and Judge Geroff's September 5 Resentences second. (*Id.* Exs. B, C.)

*Mitchell I*, slip op at 3-4.  The Court overruled DOC's PO because there was "a genuine dispute of fact regarding the content and interpretation of Mitchell's sentencing orders[.]" *Id*. at 2.  Accordingly, the Court ordered DOC to file an answer to the Petition, and DOC filed an Answer and New Matter on July 27, 2022.  DOC attaches to its Answer and New Matter DC-300B documents for the June 25 Sentences, the July 3 Sentences, and the September 5 Resentences, DOC's letter to Judge Geroff inquiring about his September 5 Resentences, and Judge Geroff's response letter.  In DOC's letter to Judge Geroff, DOC inquired "[w]as it your Honor's intention to aggregate your sentence with Judge Temin's or was your sentence to stand alone as a total aggregate sentence of 27 years[,] 6 months to 55 years?"  (Answer and New Matter, Ex. D.)  In Judge Geroff's response he states he "ordered that all of [Mitchell's] sentences be served consecutively to all other sentences."  (*Id*., Ex. E.)  Mitchell filed a reply to DOC's Answer and New Matter on August 15, 2022.

On March 30, 2023, Mitchell filed the Motion.[1]  DOC filed the Cross-Application on May 17, 2023.[2]  This Court ordered respective briefing.

## II.    PARTIES' ARGUMENTS

Mitchell first argues Judge Temin sentenced Mitchell under a plea agreement, and Judge Temin's sentence was "to run concurrent[.]"  (Mitchell's Brief (Br.) ¶ 5.)[3]  Mitchell contends Judge Geroff "has always been adamant about his sentences running consecutive to total a 27 ½[-] to 55[-]year term, and in no record did he ever

---

[1] Mitchell filed a "Motion for Final Judg[]ment" on February 6, 2023.  On March 17, 2023, this Court denied the Motion for Final Judgment and allowed Mitchell to file an application for summary relief or other dispositive motion.

[2] Mitchell filed a "Response to [DOC's] Cross-Application for Summary Judg[]ment" on June 21, 2023, wherein he makes many of the same points outlined in his Brief.

[3] Mitchell's Brief is written in numerical paragraphs.

state [the September 5 Resentences were] to be consecutive to Judge Temin['s July 3 S]entence[s.]" (*Id.* ¶ 7.) Mitchell explains "Judge Geroff has never in the sentencing order or letter . . . stated that his sentence ran consecutively to [Judge Temin's July 3 Sentences,] which [were] imposed after Judge Geroff['s] original sentencing of June 25, 1997." (*Id.* ¶ 13.) Mitchell lastly argues "[t]he [] delay of this decision is harming [his] pursuit of freedom[ and] liberty[, ]prevents [him] from gaining [] status to work outside, and prevents him from completing programs needed for parole[,]" and he asks "that this Court direct [DOC] to run the sentences . . . concurrently[.]" (*Id.* ¶¶ 15, 17.)

DOC responds that it has demonstrated its right to relief is clear and there are no disputed material issues of fact. (DOC's Br. at 9.) DOC contends it "took appropriate action to clarify Judge Geroff's intent with respect to the sentence he imposed on September 5, 1997." (*Id.* at 10.) DOC argues Judge Geroff "unequivocally expressed" in his response letter that he intended "for the sentence he imposed [on September 5, 1997,] to run consecutively to all other sentences, which would necessarily encompass the sentence imposed by Judge Temin." (*Id.* at 11 (emphasis omitted).) DOC states Mitchell's "interpretation of Judge Geroff's letter" that the September 5 Resentences are to run concurrently with the July 3 Sentences "is simply untenable" because "Mitchell was serving the sentence Judge Temin had imposed approximately two months earlier" and "Judge Geroff's order and written correspondence, directing that his sentence was to be served consecutively to all other sentences Mitchell was serving, necessarily included Judge Temin's sentence." (*Id.* at 11-12.) DOC thus argues that Mitchell's sentences were accurately calculated to run consecutively. (*Id.* at 12.)

## III. DISCUSSION

Under Rule 1532(b) of the Pennsylvania Rules of Appellate Procedure, "[a]t any time after the filing of a petition for review in an appellate or original jurisdiction matter, the court may on application enter judgment if the right of the applicant thereto is clear." Pa.R.A.P. 1532(b). "Summary relief is similar to summary judgment under the Pennsylvania Rules of Civil Procedure, in that the requested relief is only appropriate where there are no disputed issues of material fact and it is clear that the applicant is entitled to the requested relief under the law." *Marcellus Shale Coal. v. Dep't of Env't Prot.*, 216 A.3d 448, 458 (Pa. Cmwlth. 2019). In summary relief actions, the record is the same as the record for summary judgment, which includes depositions, affidavits, pleadings, answers to interrogatories, and reports of expert witnesses. *Rivera v. Pa. State Police*, 255 A.3d 677, 681 (Pa. Cmwlth. 2021).

At the time of Mitchell's sentences in 1997, Rule 1406 of the Pennsylvania Rules of Criminal Procedure, which was subsequently renumbered Rule 705, was in effect and provided that "[w]henever more than one sentence is imposed at the same time on a defendant, or whenever a sentence is imposed on a defendant who is sentenced for another offense, the judge shall state whether the sentences shall run concurrently or consecutively." *Former* Pa.R.Crim.P. 1406.[4] Notably, it is "the text

___

[4] A comment to Rule 705 explains that in 1996 the Rule was amended to eliminate the presumption that sentences were to run concurrently unless otherwise stated by the judge and that the rule now requires the judge to state whether the sentences are to run concurrently or consecutively. Rule 705(B) states:

> When more than one sentence is imposed at the same time on a defendant, or when a sentence is imposed on a defendant who is sentenced for another offense, the judge shall state whether the sentences shall run concurrently or consecutively. If

**(Footnote continued on next page…)**

of the **sentencing order**, and not the statements a trial court makes about a defendant's sentence, [that] is determinative of the court's sentencing intentions and the sentence imposed." *Commonwealth v. Borrin*, 80 A.3d 1219, 1226 (Pa. 2013) (emphasis added).

In a factually similar case, *Taylor v. Department of Corrections* (Pa. Cmwlth., No. 422 M.D. 2014, filed March 25, 2015),[5] this Court analyzed whether DOC correctly calculated the petitioner's multiple sentences based on the trial court's sentencing orders and written correspondence from one of the sentencing judges. The petitioner was sentenced to four to eight months in a state correctional institution and five years' reporting probation on April 13, 2006. *Id.*, slip op. at 2. The petitioner was arrested on May 20, 2007, and Judge Earl Trent sentenced him on November 20, 2007, to three to six years in state prison. *Id.* On March 4, 2008, Judge Leon W. Tucker revoked the petitioner's probation and sentenced him to 2 concurrent terms of 11 months, 15 days to 23 months in county prison. *Id.* In Judge Tucker's sentencing order, he stated that the sentence "shall commence on March []4, 2008." *Id.* As Judge Tucker's March 4, 2008 sentencing order did not state whether that sentence was to be consecutive or concurrent to Judge Trent's November 20, 2007 sentence, DOC twice sought clarification from Judge Tucker. Judge Tucker responded that the March 4, 2008 sentence was to run consecutively to Judge Trent's November 20, 2007 sentence. However, this Court found that because Judge Tucker's sentencing order stated that the sentence "shall commence

---

the sentence is to run concurrently, the sentence shall commence from the date of imposition unless otherwise ordered by the judge.

Pa.R.Crim.P. 705(B).

[5] Pursuant to Pennsylvania Rule of Appellate Procedure 126(b), Pa.R.A.P. 126(b), and Section 414(a) of this Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a), an unreported opinion of this Court, while not binding, may be cited for its persuasive value.

on March []4, 2008[,]" and Taylor was still serving the sentence imposed by Judge Trent on March 4, 2008, "Judge Tucker's statement indicates that, effective March 4, 2008, Taylor's county sentence should run concurrently with his prior state sentence." *Id*. at 4-5. For support, the Court cited Rule 705(B) of the Pennsylvania Rules of Criminal Procedure, Pa.R.Crim.P. 705(B), that "[i]f the sentence is to run concurrently, the sentence shall commence from the date of imposition. . . ." *Id*. at 5. The Court further concluded "it appears that Judge Tucker's statements in his . . . letters that Taylor's sentences were to run consecutively were not mere clarifications of the March 4, 2008[] sentencing order but constituted a modification of the sentencing order" in violation of the 30-day window under Section 5505 of the Judicial Code, 42 Pa.C.S. § 5505. *Id*.

Here, Mitchell contends Judge Geroff's September 5 Resentences were ordered to run concurrent with Judge Temin's July 3 Sentences, (Mitchell's Br. ¶ 13), while DOC contends the September 5 Resentences were ordered to run consecutive to the July 3 Sentences and Judge Geroff's letter clarifies this intention, (DOC's Br. at 11-12). However, the relevant sentencing orders have not been provided; only the relevant DC-300B documents are attached to DOC's Answer and New Matter. "[A]dministrative memos, such as [] DC[-]300B commitment forms, do not have the same force and effect as court orders." *Everett v. Varner* (Pa. Cmwlth., No. 74 M.D. 2009, filed September 19, 2011), slip op. at 7. The language of the trial court's **sentencing order** controls. *Borrin*, 80 A.3d at 1226; *see also Com., ex rel. Powell v. Pa. Dep't of Corr.*, 14 A.3d 912 (Pa. Cmwlth. 2011). Unlike in *Taylor*, we do not have the benefit of reviewing Mitchell's sentencing orders, and the DC-300B commitment forms that DOC attached to its Answer and New Matter are not sufficient to resolve the disputed facts relating to whether the September 5

7

Resentences are to run concurrent or consecutive with the July 3 Sentences. *Everett*, slip op at 7. We similarly cannot conclude whether Judge Geroff's letter to DOC was a clarification or a modification of the sentencing order for the September 5 Resentences. *Taylor*, slip op. at 5; 42 Pa.C.S. § 5505. Therefore, neither party has shown they are entitled to summary relief as disputed facts exist as to whether the September 5 Resentences were ordered to run consecutive or concurrent with the July 3 Sentences. Accordingly, we deny Mitchell's Motion and deny DOC's Cross-Application.

 

 

**RENÉE COHN JUBELIRER,** President Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Calvin Mitchell, :
                Petitioner :
                 :
         v. : No. 240 M.D. 2020
                 :
Dept of Corrections, :
                Respondent :

## **O R D E R**

**NOW**, March 6, 2024, the Motion for Summary Judgment on the Pleadings filed by Calvin Mitchell is **DENIED**. The Cross-Application for Summary Relief filed by the Department of Corrections is likewise **DENIED**.

 

_____
**RENÉE COHN JUBELIRER,** President Judge