J-S48044-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| RAYMOND ORTIZ | : | |
| | : | |
| Appellant | : | No. 1258 EDA 2017 |

Appeal from the PCRA Order April 13, 2017
in the Court of Common Pleas of Philadelphia County
Criminal Division at No.:  CP-51-CR-0002932-2011

BEFORE:   DUBOW, J., MURRAY, J., and PLATT*, J.

MEMORANDUM BY PLATT, J.:                    **FILED NOVEMBER 14, 2018**

Appellant, Raymond Ortiz, appeals from the order of the Court of Common Pleas of Philadelphia County, entered April 13, 2017, that denied without a hearing his first petition filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541–9546.[1]  Additionally, PCRA counsel Stephen Thomas O'Hanlon, Esquire, has filed an application to withdraw pursuant to ***Turner/Finley***.[2]  We affirm the denial of PCRA relief, and grant PCRA counsel's application to withdraw.

---

[1] 42 Pa.C.S.A. §§ 9541–9546.

[2] ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988); ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

---

\*   Retired Senior Judge assigned to the Superior Court.

On April 17, 2012, Appellant pleaded guilty to terroristic threats with intent to terrorize, simple assault, and retail theft taking merchandise.[3] On May 31, 2012, Appellant was sentenced to one to two years of confinement followed by four years of probation pursuant to a negotiated plea agreement. The sentencing order stated that Appellant would receive "credit for time served as determined by prisons[.]" Order—Sentencing, 5/31/2012. Appellant did not file a direct appeal.

On December 7, 2012, Appellant, acting *pro se*, filed a PCRA petition. The PCRA court appointed counsel, and, on July 17, 2015, PCRA counsel filed an amended PCRA petition. In his amended PCRA petition, Appellant alleged: "Upon arriving at state prison, [Appellant] discovered that he did not receive any credit for time served on the charges set forth in the instant case[.]" Am. Pet. Seeking Collateral Relief, 7/17/2015, at 2 ¶ 7. The amended PCRA petition continued that Appellant's sentence is "illegal", because the trial court did not specify the amount of credit that Appellant was entitled to receive for time served. *Id.* at 4 ¶ 15.A. The amended petition further alleged that Appellant did not receive any credit for time served and that he was owed 469 days of time served. *Id.* The amended PCRA petition concluded by requesting that the PCRA court "issue an order directing prison authorities to give [Appellant] credit in that amount against his sentence." *Id.* at 4, *ad damnum* clause.

_____

[3] 18 Pa.C.S. §§ 2706(a)(1), 2701(a), 3929(a)(1), respectively.

On March 1, 2017, the PCRA court issued a notice of its intent to dismiss Appellant's PCRA petition without a hearing pursuant to Pa.R.Crim.P. 907. Appellant did not respond to the notice, and, on April 13, 2017, the PCRA court dismissed Appellant's PCRA petition.

On April 15, 2017, Appellant filed a timely notice of appeal. On April 25, 2017, the PCRA court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and Appellant complied on April 29, 2017. The PCRA court did not file an opinion pursuant to Pa.R.A.P. 1925(a), because the PCRA judge "is no longer sitting as a judge in Philadelphia County[.]" Letter from Penelope Graves to Super. Ct. Prothonotary (Mar. 29, 2018).

On April 16, 2018, PCRA counsel filed a **_Turner_**/**_Finley_** letter and brief with this Court, along with a motion to withdraw as counsel. Appellant did not file a _pro se_ or counseled response to the **_Turner_**/**_Finley_** letter.

The **_Turner_**/**_Finley_** brief raises the following issue for our review:

> Appellant's sentence is illegal and the PCRA court had jurisdiction to correct the illegality of the sentence because, despite time credit being ordered by the trial court, Appellant has not received any time credit in the above-captioned matter.

**_Turner/Finley_** Brief at 2.

> Prior to addressing the merits of the appeal, we must review counsel's compliance with the procedural requirements for withdrawing as counsel. . . . Counsel petitioning to withdraw from PCRA representation must proceed under . . . **_Turner_** . . . and **_Finley_** . . . and must review the case zealously. **_Turner_**/**_Finley_** counsel must then submit a "no-merit" letter to the trial court, or brief on appeal to this Court, detailing the nature and extent of

counsel's diligent review of the case, listing the issues which petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw. Counsel must also send to the petitioner: (1) a copy of the "no merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel.

Where counsel submits a petition and no-merit letter that satisfy the technical demands of *Turner*/*Finley*, the court—trial court or this Court—must then conduct its own review of the merits of the case. If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief.

*Commonwealth v. Muzzy*, 141 A.3d 509, 510–11 (Pa. Super. 2016) (internal citation omitted) (some formatting).

Here, on independent review, we conclude that PCRA counsel has satisfied the technical requirments of *Turner/Finley* in his "no merit " letter. *See id.* Accordingly, we must conduct our own independent evaluation of the record to ascertain whether we agree with PCRA counsel that Appellant is not entitled to relief. *See id.* at 511. We must first determine whether Appellant's issue is cognizable under the PCRA, before we address its merits. *See Commonwealth v. Heredia*, 97 A.3d 392, 394 (Pa. Super. 2014).

The PCRA sets forth its scope in pertinent part as follows:

This subchapter is not intended to limit the availability of remedies in the trial court or on direct appeal from the judgment of sentence, to provide a means for raising issues waived in prior proceedings **or to provide relief from collateral consequences of a criminal conviction.**

42 Pa.C.S.A. § 9542. **In construing this language, Pennsylvania Courts have repeatedly held that the PCRA contemplates only challenges to the propriety of a conviction or a sentence.** . . . [A] PCRA petition is not the proper

method for contesting the [Department of Corrections]'s calculation of sentence. . . .

If the alleged error is thought to be the result of an erroneous computation of sentence by the Bureau of Corrections, then the appropriate vehicle for redress would be an original action in the Commonwealth Court challenging the Bureau's computation. If, on the other hand, the alleged error is thought to be attributable to ambiguity in the sentence imposed by the trial court, then a writ of *habeas corpus ad subjiciendum* lies to the trial court for clarification and/or correction of the sentence imposed.

It is only when the petitioner challenges the legality of a trial court's alleged failure to award credit for time served as required by law in imposing sentence, that a challenge to the sentence is deemed cognizable as a due process claim in PCRA proceedings.[4]

_____

[4] Likewise, the Commonwealth Court has held that, where an inmate's petition did not challenge the trial court's sentencing order, and instead challenged only the governmental actions of the clerk of court and corrections officials in the wake of that sentencing order (including clerk's generation of commitment form inconsistent with sentencing order), the trial court lacked jurisdiction over the matter, and the petition was properly filed in the Commonwealth Court. ***See Spotz v. Commonwealth***, 972 A.2d 125, 134 (Pa.Cmwlth.2009); ***see also Commonwealth ex rel. Powell v. Pennsylvania Dept. of Corrections***, 14 A.3d 912, 915 (Pa.Cmwlth.2011) (concluding that, where petitioner does not challenge underlying sentence and instead seeks to compel DOC to carry out sentence imposed, petition is properly filed in Commonwealth Court).

Although the decisions of the Commonwealth Court are not binding on this Court, we may look to them for their persuasive value.

***Id.*** at 394–95 (emphasis in original) (internal brackets and some internal citations omitted) (some formatting added).

Here, the record reflects that the trial court, when imposing Appellant's sentence, expressly and unambiguously granted him "credit for time served[.]" Order—Sentencing, 5/31/2012. Thus, Appellant's characterization that he challenges the legality of his sentence is inaccurate; instead, his real allegation of error is that the Department of Corrections ("DOC") failed to follow the court's sentence. Am. Pet. Seeking Collateral Relief, 7/17/2015, at 2 ¶ 7 (Appellant "discovered that he did not receive any credit for time served"), 4 ¶ 15.A. (Appellant "did not receive credit for time served of 469 days"), *ad damnum* clause (requesting PCRA court "issue an order directing prison authorities to give [Appellant] credit"); **see Heredia**, 97 A.3d at 395 (where trial court grants credit for time served, appellant's challenge is not that his sentence is illegal but that the DOC failed to follow the sentence).[4] Hence, Appellant wants the DOC to follow the trial court's valid, legal sentencing order; he is not challenging "the propriety of a conviction or a sentence." **Id.** at 394. Therefore, we conclude that Appellant has not raised a cognizable claim under the PCRA. **See id.** at 395 (where appellant "wishes the DOC to enforce the trial court's sentencing order as valid," he is not challenging the legality of his conviction or sentence and has not raised a cognizable PCRA claim).

---

[4] "[T]he text of the sentencing order is determinative of the court's sentencing intentions and the sentence imposed. The DOC is an administrative agency bound to follow a trial court's order granting an inmate credit for time served." **Heredia**, 97 A.3d at 395 n.5 (internal citations omitted).

Additionally, we find no law holding that a trial court's failure to calculate the amount of credit for time served renders a sentence illegal, as alleged in Appellant's amended PCRA petition. **See** Am. Pet. Seeking Collateral Relief, 7/17/2015, at 4 ¶ 15.A. Only a trial court's failure to award credit for time served would function as a proper basis for a challenge to the legality of a sentence. **See Heredia**, 97 A.3d at 395 ("It is only when the petitioner challenges the legality of a trial court's alleged failure to award credit for time served as required by law in imposing sentence, that a challenge to the sentence is deemed cognizable as a due process claim in PCRA proceedings."); **Commonwealth v. Fowler**, 930 A.2d 586, 595 (Pa. Super. 2007) ("challenge to the trial court's failure to award credit for time spent in custody prior to sentencing involves the legality of sentence and is cognizable under the PCRA").

The citations in the **Turner**/**Finley** brief to **Commonwealth v. Mann**, 957 A.2d 746 (Pa. Super. 2008), and **Commonwealth v. Beck**, 848 A.2d 987, 989 (Pa. Super. 2004), for the principle that "[c]hallenges to time credit can be brought via the PCRA if the failure to apply time credit results in a particular sentence being illegal," **Turner**/**Finley** Brief at 3, are misguided. **Mann** was a direct appeal, not a collateral appeal, and both cases concerned a trial court's failure to award any credit for time served, not a failure by authorities to apply credit for time served. **Mann**, 957 A.2d at 747-48 (appeal from judgment of sentence; no credit for time served was included in sentencing order; Board of Probation & Parole cannot apply credit unless in

sentencing order; remanded for sentencing court to include credit in new sentencing order); ***Beck***, 848 A.2d at 988-89 (after receiving credit for time served at case number 828 of 1998, appellant claimed that he should also receive credit for time served at case numbers 471, 472, and 473 of 1998; appellant thus challenged trial court's failure to award credit for time served in 471, 472, and 473, not the calculation of credit; this Court did not reach issue due to untimely PCRA petition).

For these reasons, we affirm the order of the PCRA court. ***See Heredia***, 97 A.3d at 395 (affirming order dismissing claim not cognizable under PCRA). We also grant PCRA counsel's petition to withdraw.

Petition to withdraw granted. Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/14/18

- 8 -