IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Pascal Choi, :
     Petitioner :
          :
    v. : No. 452 C.D. 2025
          : Submitted: October 7, 2025
Pennsylvania Parole Board, :
     Respondent :


BEFORE: HONORABLE RENÉE COHN JUBELIRER, President Judge
     HONORABLE STACY WALLACE, Judge
     HONORABLE MARY HANNAH LEAVITT, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
PRESIDENT JUDGE COHN JUBELIRER   FILED: October 22, 2025


Pascal Choi petitions for review of the March 14, 2025 Order of the Pennsylvania Parole Board (Board) that denied Choi's Administrative Appeal from his recommitment as a convicted parole violator (CPV) and recalculation of his parole violation maximum date to October 26, 2025. On appeal, Choi argues the Board did not give him credit towards his original sentence for all the time to which he believes he was entitled, and did not provide an explanation for the denial of credit for his time at liberty on parole, also known as street time, as required by *Pittman v. Pennsylvania Board of Probation and Parole*, 159 A.3d 466 (Pa. 2017). Upon review, we discern no error or abuse of discretion in the Board's credit determinations and, therefore, affirm the Board's Order.

## I. BACKGROUND

On February 22, 2010, Choi was sentenced to two years, six months to five years after being convicted for burglary of an occupied structure. (Certified Record

(C.R.) at 4.) His minimum sentence date was June 23, 2012, and his maximum date was December 23, 2014. (*Id.*) Choi was released on parole on July 24, 2012. (*Id.* at 10.) He was detained pending criminal charges and recommitted as a technical parole violator (TPV) to serve six months of backtime by Notice of Decision mailed on October 30, 2013. (*Id.* at 17-19.) By Notice of Decision mailed on June 12, 2014, the Board recommitted Choi as a CPV to serve 24 months of backtime, based on a firearms conviction, for which he was sentenced to 4 to 9 years. (*Id.* at 22-23, 26.) The Board noted another conviction for Choi by Notice of Decision mailed April 14, 2016, but took no further action. (*Id.* at 24.)

The Board denied Choi reparole on February 10, 2020, October 28, 2020, and November 9, 2021, but granted him reparole on August 4, 2022, and released him September 4, 2022. (*Id.* at 28-36.) As of September 4, 2022, Choi's parole violation maximum date was August 8, 2024. (*Id.* at 34-35.) On October 27, 2022, the Board issued a detainer for Choi pending the disposition of new criminal charges, and he was reparoled on May 30, 2023, subject to special conditions of parole, including outpatient drug and alcohol treatment. (*Id.* at 41-42.) Choi's supervision history reflects that he missed multiple drug and alcohol treatment sessions, and he was unsuccessfully discharged from two treatment programs. (*Id.* at 54.)

On April 4, 2024, Choi was arrested by the Haverford Township Police Department for violating a protection from abuse (PFA) order. (*Id.* at 45, 51.) The Department of Corrections (Department) issued a Warrant to Commit and Detain on April 8, 2024. (*Id.* at 46.) Choi did not post bail, and, therefore, he remained confined on both the new charge and the detainer. (*Id.* at 87.) On July 12, 2024, Choi was convicted of indirect criminal contempt for violating a PFA order and

2

sentenced, per the sentencing order, to "time served (4/4/24 to 7/12/2024)." (*Id.* at 77.)

The Board issued a Notice of Charges and Hearing advising Choi that a revocation hearing would be held based on the new conviction. (*Id.* at 47-48.) At Choi's request, a revocation panel hearing was held, at which he was represented by counsel. (*Id.* at 49-50, 56-74.) Choi acknowledged the new conviction at the hearing and testified regarding the events leading up to the new arrest. (*Id.* at 62, 64-65.) A parole agent presented various sentencing and plea agreement documents, and the secure docket sheet for the new conviction. (*Id.* at 62-65.) Additionally, the Board took official notice of the contents of Choi's parole records, which included his supervision history and past parole revocations and recommitments. (*Id.* at 72-73.)

Based on Choi's acknowledgment of the new conviction and the record, including Choi's supervision history, the Board recommitted Choi as a CPV to serve six months of backtime and denied him credit for his current period of street time based on the history of supervision failures. (*Id.* at 95-96, 99-100.) This history included multiple arrests while on parole, his unsuccessful discharge from two drug and alcohol treatment programs, the issuance of the PFA, and his violation thereof. (*Id.*) In its Order to Recommit, the Board recalculated Choi's parole violation maximum date as follows: Choi had 704 days remaining on his sentence when he was paroled on September 4, 2022; he received 233 days confinement credit from October 5, 2022, to May 26, 2023; and Choi received no backtime or street time credit. (*Id.* at 105-06.) Subtracting the 233 from 704 resulted in 471 days of backtime owed, which, when added to July 12, 2024, the date of Choi's effective date of return, made Choi's new parole violation maximum date October 26, 2025.

3

(*Id.*) These determinations were memorialized in a Notice of Decision mailed on November 21, 2024. (*Id.* at 107-08.)

Choi, through counsel, filed the Administrative Appeal, asserting the "Board failed to give [Choi] credit for all time served exclusively pursuant to the [B]oard's warrant or while incarcerated" and "abused its discretion by not awarding any credit for time in good standing while on parole." (*Id.* at 110.) Choi filed a second appeal form, arguing he only received credit on the new charges for the time between April 19, 2024, and July 12, 2024, citing one of the Department's forms, leaving the confinement between April 4 and April 18, 2024, unaccounted for, and asking the Board to reconsider denying street time credit. (*Id.* at 111-12.) The Board issued its Order, affirming its prior decision. The Board explained it denied Choi street time credit, as articulated in its decision, because of Choi's history of supervision failures while on parole, as reflected in his record, and this articulation met the requirements of *Pittman*. (*Id.* at 114.) It also held there was no error in its confinement credit calculation under *Gaito v. Pennsylvania Board of Probation and Parole*, 412 A.2d 568 (Pa. 1980), because at no point was Choi held exclusively on the Department's warrant. (*Id.* at 115.) Choi now seeks review of this Order by the Court.[1]

## II. DISCUSSION

On appeal, Choi asserts the same arguments he made before the Board. He contends that there are several days of pre-sentence confinement, from April 4 to April 18, for which he did not receive credit on the new charge and, therefore, should be applied to his original sentence under *Gaito*. (Choi's Brief (Br.) at 10.) The

---

[1] We review the Board's Order to determine "whether the decision was supported by substantial evidence, whether an error of law occurred[,] or whether constitutional rights were violated." *Brown v. Pa. Bd. of Prob. & Parole*, 184 A.3d 1021, 1023 n.5 (Pa. Cmwlth. 2017) (quoting *Ramos v. Pa. Bd. of Prob. & Parole*, 954 A.2d 107, 109 n.1 (Pa. Cmwlth. 2008)).

Board responds that no additional credit is due pursuant to *Gaito* under these circumstances.

In the seminal case of *Gaito*, our Supreme Court addressed how to make credit determinations for time a parolee spends in pre-sentence confinement on new charges. Therein, the high court explained:

> if a defendant is being held in custody solely because of a detainer lodged by the Board and has otherwise met the requirements for bail on the new criminal charges, the time which he spent in custody shall be credited against his original sentence. If a defendant, however, remains incarcerated prior to trial because he has failed to satisfy bail requirements on the new criminal charges, then the time spent in custody shall be credited to his new sentence.[FN6]
>
> > FN6 It is clear, of course, that if a parolee is not convicted, or if no new sentence is imposed for that conviction on the new charge, the pre-trial custody time must be applied to the parolee's original sentence.

*Gaito*, 412 A.2d at 571 & n.6. Additionally, if a parolee is convicted on new charges but the pre-sentence confinement time exceeds the maximum term of the new sentence, any time not applied to the new sentence should be applied to the original sentence. *Smith v. Pa. Bd. of Prob. & Parole*, 171 A.3d 759, 767-68 (Pa. 2017).

Neither of the *Gaito* situations is applicable here so as to require the Board to give Choi pre-sentence confinement credit toward his original sentence. Choi was arrested on the new charges on April 4, 2024, and bail was set on that day, but he did not post bail on those charges. (C.R. at 88-89.) The Department did not issue its Warrant to Commit and Detain until April 8, 2024. (*Id.* at 46.) Therefore, there was no pre-sentence confinement time Choi was serving solely on the Board's warrant. Moreover, Choi was convicted, and a new sentence was imposed on that

5

conviction, and, accordingly, the circumstances outlined in footnote 6 of *Gaito* are not present here.

Instead, Choi seeks credit under the scenario outlined in *Smith*, asserting there are periods of pre-sentence confinement that exceeded the maximum sentence on the new charges. (Choi's Br. at 10.) Choi relies on Department Form DC-P-257C, "Criminal Arrest and Disposition Report," which indicates Choi received credit for "TIME SERVED - 4/19/24-7/12/24." (C.R. at 52, 111-12.) This information appears to have been derived from a "Certificate of Imposition of Sentence" filed by the sentencing court, which uses those dates as Choi's sentence. (*Id.* at 76.) However, Choi's **actual sentencing order** shows a sentence of "time-served (**4/4/24** to 7/12/24)." (*Id.* at 77 (emphasis added).) "A sentence . . . is to be construed so as to give effect to the intention of the sentencing judge." *Allen v. Dep't of Corr.*, 103 A.3d 365, 371 (Pa. Cmwlth. 2014) (quoting *Commonwealth ex rel. Powell v. Dep't of Corr.*, 14 A.3d 912, 915 (Pa. Cmwlth. 2011)). "The text of the sentencing order is **determinative** of the court's sentencing instructions and the sentence imposed." *Id.* (citing *Commonwealth v. Borrin*, 80 A.3d 1219, 1226 (Pa. 2013)) (emphasis added). Because "the text of the sentencing order is determinative," *id.*, and that text here imposes a sentence on the new charges that is coextensive with Choi's entire pre-sentence confinement, the Board did not err or abuse its discretion in not giving Choi credit on his original sentence for any of that time.

Choi next argues the Board's reason for denying him credit for his street time is not specific enough to meet *Pittman*'s requirements because it "does not indicate . . . as to what the nature and extent of history of supervision failures consists." (Choi's Br. at 11.) According to Choi, the Board had to make an "individual assessment of the facts and circumstances surrounding his parole revocation," and it

6

did not. (*Id.* (quoting *Pittman*, 159 A.3d at 474).) The Board responds that the reason given for denying Choi credit for his street time is acceptable and sufficient, has been accepted as such by this Court before, and is supported by the record.

Section 6138(a)(2.1) of the Prisons and Parole Code provides the Board with discretion to "award credit to an offender recommitted [as a CPV] for the time spent at liberty on parole" except in circumstances not applicable here. 61 Pa.C.S. § 6138(a)(2.1) (emphasis added). In *Pittman*, our Supreme Court explained that, in making these credit determinations, due process requires the Board to state the reasons for exercising its discretion to deny street time credit because "an appellate court hearing the matter must have [a] method to assess the Board's exercise of discretion." 159 A.3d at 474. The reason asserted must be accurate and related to the parolee's individual circumstances. *Marshall v. Pa. Bd. of Prob. & Parole*, 200 A.3d 643, 650-52 (Pa. Cmwlth. 2018).

Here, the Board denied Choi credit for his street time due to his "history of supervision failure(s) in probation and/or parole." (C.R. at 107-08.) We have accepted this explanation as meeting *Pittman*'s specificity requirements. *Vann v. Pa. Bd. of Prob. & Parole* (Pa. Cmwlth., No. 1067 C.D. 2017, filed Apr. 10, 2018), slip op. at 18-19.[2] The explanation provided by the Board provides this Court with sufficient information to assess the Board's exercise of discretion in choosing to deny Choi credit, which is what *Pittman* requires. 159 A.3d at 474. In assessing the Board's stated reason, that reason is both accurate and particular to Choi's circumstances. Choi's history of parole failures is documented in the record and includes being recommitted as a TPV, multiple arrests, a prior CPV recommitment,

---

[2] An unreported panel decision of this Court may be cited for its persuasive value pursuant to Pennsylvania Rule of Appellate Procedure 126(b), Pa.R.A.P. 126(b), and Section 414(a) of this Court's Internal Operating Procedures, 210 Pa. Code § 414(a).

repeated failures to attend drug and alcohol treatment leading to his unsuccessful discharge from two treatment programs, and violation of the PFA which led to the new conviction. (C.R. at 53-55.) These points were noted in the Hearing Report as reasons for denying Choi credit for his street time. (*Id.* 92, 95-96, 100.) Because the Board has provided reasons that are sufficient to allow this Court to assess its exercise of discretion, and those reasons are accurate and particular to Choi's circumstances, we cannot say the Board violated *Pittman*'s directive and abused its discretion in denying Choi credit for his street time.

## III.    CONCLUSION

For the foregoing reasons, we discern no error of law or abuse of discretion in the Board's credit determinations, which are consistent with *Gaito*, *Smith*, and *Pittman*. Therefore, we affirm the Board's Order.

_____
RENÉE COHN JUBELIRER, President Judge

8

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Pascal Choi, :
                Petitioner :
                 :
        v. : No. 452 C.D. 2025
                 :
Pennsylvania Parole Board, :
                Respondent :

# **O R D E R**

     **NOW**, October 22, 2025, the Order of the Pennsylvania Parole Board, entered in the above-captioned matter, is hereby **AFFIRMED**.

 

                        _____
                        RENÉE COHN JUBELIRER, President Judge